20569

The STATE, Respondent, v. Randy L. RICH, Appellant.

(239 S. E. (2d) 731)

*Ralph V. Baldwin, Jr.,* of Beaufort, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes and Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *Randolph Murdaugh, Jr., Sol.,* of Hampton, *for Respondent,*

December 15, 1977.

GREGORY, Justice:

Appellant Randy L. Rich pled guilty to assault and battery with intent to kill and failure to stop for a blue light and received concurrent sentences of twenty years and ninety days respectively. On appeal appellant argues the sentences he received are invalid because the trial judge improperly considered certain criminal charges appearing on appellant's criminal record in enhancement of sentence. We hold the sentences are invalid and remand for resentencing.

Appellant was indicted by the Beaufort County Grand Jury for assault and battery with intent to ravish but pled guilty to the lesser charge of assault and battery with intent to kill after engaging in plea bargaining with the solicitor. Appellant also pled guilty to the charge of failure to stop for a blue light.

Prior to sentencing appellant, the trial judge reviewed appellant's criminal "rap sheet" and was asked by appellant's counsel not to consider any charges appearing on the "rap sheet" that were without disposition. To this request the trial judge replied, "Yes sir." The "rap sheet" shows that appellant had been arrested in 1971 for assault and battery with intent to ravish and in 1973 for indecent exposure. The "rap sheet" indicates the first charge was discharged in 1971 but no disposition is shown for the second charge.

Without additional comment or inquiry the trial judge imposed the maximum sentence provided by law for the crime of assault and battery with intent to kill, and further

imposed a concurrent sentence of ninety days for failure to stop for a blue light.

Two days later within the term of court, appellant appeared before the trial judge and asked that his sentences be reconsidered in light of certain assistance he had provided a local law enforcement agency. A police officer who was unavailable when appellant was sentenced appeared to substantiate this fact. The trial judge stated he had been aware of appellant's cooperation with the police at the time he imposed sentence, and refused to change the sentence. The following exchange then took place between the judge and appellant's counsel:

The Court: . . . that fellow . . . that fellow is a fellow that doesn't have any business being out on the street a'tall. He ought to never be on the streets again, Mr. McCann. I'm as convinced of that as I can be. This man is sick, sick, sick. Prison may not be the place for him but unfortunately I don't have any place else to put him. This man is an habitual criminal; this man is an habitual sex offender; this man is an habitual anything else you can think about. He's a yegg. This guy hasn't got any business ever being on the street, Mr. McCann.

Mr. McCann: I wasn't aware he was an habitual sex offender. This is the first time I had . . .

The Court: Well, this is not the first time it happened. You didn't look at his record.

Mr. McCann: I sure didn't see it on the record, no sir.

Although these off-the-cuff comments were made two days after sentencing, they are the only indication in the record of what factors the trial judge considered when he imposed sentence. We can only infer from these statements that appellant's earlier arrests for sex-related offenses were considered in the imposition of sentence, and there is nothing in the record that tends to discredit this inference. The trial judge failed to discuss appellant's record prior to imposing

sentence and thus did not designate which items appearing on appellant's "rap sheet" he would not consider.

In *Townsend v. Burke*, 334 U. S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948) the United States Supreme Court granted a defendant's requested habeas corpus relief, stating:

[T]his prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such conviction cannot stand. 334 U. S. at 741, 68 S. Ct. at 1255, 92 L. Ed. at 1693.

The holding in *Townsend* was reiterated in *U. S. v. Tucker*, 404 U. S. 443, 92 S. Ct. 589, 30 L. Ed. (2d) 592 (1972) where the Supreme Court remanded a case for resentencing where the sentencing judge considered defendant's prior but constitutionally invalid convictions in enhancement of sentence. Implicit in the Court's holding in *Tucker* is the principle that despite the broad discretion left to the trial judge in assessing background information for sentencing purposes, a defendant retains the rights not to be sentenced on the basis of invalid premises. *U. S. v. Espinoza*, 481 F. (2d) 553 (5th Cir. 1973). See also *State v. Franklin*, 267 S. C. 240, 226 S. E. (2d) 896 (1976).

The record in this case reveals the heinous nature of appellant's vicious attack and brutal sexual assault upon the prosecutrix. The evidence of appellant's guilt, which he admitted, was overwhelming even as to the offense of assault and battery with intent to ravish. The sentences imposed by the trial judge were clearly warranted by the circumstances of appellant's crime.

Although we agree with the rationale of Mr. Justice Blackmun's dissent in *Tucker* [1] and are of the opinion that "in the face of a record such as this one" to remand for resentencing in all likelihood will result in the imposition of the same sentences, nevertheless in accord with the holdings in *Townsend, Tucker* and *Franklin* we remand to the lower court for resentencing.

Remanded for Resentencing.

LEWIS, C. J., and LITTLEJOHN, J., concur.

NESS and RHODES, JJ., dissent.

RHODES, Justice (dissenting):

The facts of the crime to which the defendant pled guilty in this case constitute a most brutal sexual assault. As stated in the majority opinion, the hearing on re-sentencing did not occur until two days following the initial sentence. The fact that at this hearing the trial judge made statements indicating that he had misapprehended the "rap" sheet is not controlling of his state of mind at the time the sentence was imposed. It must be borne in mind that in this two day interval the trial judge was engaged in presiding over a term of General Sessions Court and it is more than probable that many other cases were disposed of during this period. It is unreasonable to expect that he could or would retain in his memory the "rap" sheet contents of all whom he sentenced.

At the second hearing it does not appear that the trial judge had the "rap" sheet before him to refresh his memory. However, at the time of original sentencing, the "rap"

---

[1] Mr. Justice Blackmun, dissenting from the majority opinion in *Tucker* remanding for resentencing, observed:

On remand the case presumably will go once again to Judge Harris, and undoubtedly the same sentence once again will be imposed. Perhaps this is all worthwhile and, if so, I must be content with the Court's disposition of the case on general principles. I entertain more than a mild suspicion, however, that the Court is merely marching up the hill only to march right down again, and that it is time we become just a little realistic in the face of a record such as this one. 404 U. S. at 452, 92 S. Ct. at 594, 30 L. Ed. (2d) at 599.

sheet was before the trial judge, his attention specifically called by the defense counsel to the two charges on the sheet not containing a guilty disposition and he, upon request, replied that he would not consider them. In the face of these circumstances, it is not reasonable to conclude that the trial judge did consider the undisposed of charges in imposing sentence.

The *Tucker* case cited in the majority opinion, is to be distinguished from the present case in that in *Tucker* it was undisputed that the trial judge had considered certain invalid convictions before sentencing whereas here there is affirmative evidence that the trial judge, on the request of defense counsel, did not consider the charges which showed no disposition. The basic issue on which the present case turns was not present in the *Tucker* case.

Believing that the sentence imposed was fully justified, and that there exists no reasonable probability that the two undisposed of charges on the "rap" sheet led the trial judge to impose a heavier prison sentence than it otherwise would impose, I would affirm.

NESS, J., concurs.