22938

Clifton JORDAN, Petitioner v. STATE of South Carolina, Respondent.

(374 S. E. (2d) 683)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Salley W. Elliott,* Columbia, *for respondent.*

Submitted Oct. 18, 1988.

Decided Dec. 12, 1988.

TOAL, Justice:

This is an action for post-conviction relief. Petitioner Jordan pled guilty to assault and battery with a deadly weapon before the Honorable Frank Eppes. He was sentenced to imprisonment for ten years, suspended upon the service of three years and five years probation. Jordan collaterally attacked his conviction contending that his guilty plea was involuntary, and, alternatively, that his counsel was ineffective. The Honorable Julius H. Baggett denied Jordan's petition for post-conviction relief. We now reverse the decision of the post-conviction relief judge, and remand for resentencing or a new trial.

Jordan was indicted for assault and battery with a deadly weapon. At the post-conviction relief hearing, Mr. Bloom, Jordan's counsel, testified that he believed Jordan had a fairly good defense to the charges. Immediately prior to the guilty plea, Bloom stated that Jordan wanted to go to trial on the charges. After suggesting that they try to negotiate a guilty plea with the solicitor's office, Jordan still insisted that they proceed to trial. After further discussion, Jordan agreed to plead guilty if the solicitor recommended probation.

On the day of the guilty plea, Bloom negotiated with Assistant Solicitor Julann Prince. Ms. Prince agreed neither to recommend nor oppose a probationary sentence. When Bloom told Jordan about Ms. Prince's agreement, Jordan accepted the terms.

At the guilty plea hearing before Judge Eppes, another assistant solicitor, Mr. Martin, appeared to represent the State. During the guilty plea, Mr. Martin vigorously opposed probation on the grounds that Jordan was "too old for probation." After Mr. Martin opposed probation, Mr. Bloom neither requested to withdraw the guilty plea nor did he point out to the judge that the solicitor had changed his plea agreement.

Following the guilty plea hearing, Mr. Bloom met with Judge Eppes and the assistant solicitor in chambers to discusss the unfulfilled plea agreement. Judge Eppes, however, refused to reconsider the sentence because he stated that the solicitor's opposition to probation did not influence his decision.

### I. *Ineffective Assistance of Counsel*

Jordan argues that his counsel was ineffective during the guilty plea proceeeding because he failed to withdraw the guilty plea once the solicitor reneged on the plea bargain. Jordan also maintains that his attorney failed to point out to the judge that the solicitor changed his probation recommendation.

The United States Supreme Court in *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984) posited a two part test for determining whether counsel is ineffective:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

466 U. S. at 687, 104 S. Ct. at 2064. *Strickland* requires that the performance of counsel be evaluated against the background of "prevailing professional norms." 466 U. S. at 694, 104 S. Ct. at 2068.

In *Hill v. Lockhart*, 474 U. S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985), the Supreme Court applied the two part standard adopted in *Strickland* to guilty plea challenges bottomed on ineffective assistance of counsel. The Court reiterated that the defendant must show first that counsel's representation fell below the standard of reasonableness; and, that more was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 106 S. Ct. at 370. Specifically, the Court, stated that the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 106 S. Ct. at 370.

In the present case, Jordan insisted on proceeding to trial. Jordan only agreed to plead guilty when he believed the solicitor would neither oppose nor recommend probation. When the solicitor disregarded the agreement, Jordan's attorney failed to draw Judge Eppes' attention to the plea bargain and then failed to move to withdraw Jordan's guilty plea. We hold that the conduct of Jordan's counsel in not protecting Jordan's right to enforce the plea agreement with the Solicitor's office fell below "prevailing professional norms." *Strickland*, 466 U. S. at 694, 104 S. Ct. at 2068. Considering the original vehemence of Jordan in pursuing his right to trial by jury, we further hold that there is a reasonable probability that but for the fact that Jordan's attorney failed to object to the continuation of the guilty plea proceeding once the solicitor reneged on the plea bargaining

agreement, that Jordan would not have pleaded guilty, but would have insisted on going to trial.

In reversing the decision of the post-conviction relief judge, we vacate Jordan's sentence, and remand for either specific performance of the plea agreement and resentencing or for a new trial.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.