23505

Mark Alan SHIRLEY, Petitioner v. STATE of South Carolina, Respondent.

(411 S.E. (2d) 215)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling of South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted Sept. 25, 1991; Decided Nov. 12, 1991.

Reh. Den. Dec. 16, 1991.

HARWELL, Justice:

Petitioner Mark Alan Shirley pled guilty to forgery by uttering a forged instrument and accessory before the fact of a felony (burglary). We granted petitioner's application for writ of certiorari to determine whether the post-conviction relief (PCR) judge erred in finding petitioner received effective assistance of counsel. We reverse and remand.

## I. FACTS

Petitioner was arrested for forgery by uttering a forged instrument. After a preliminary hearing, the investigating officer offered petitioner an opportunity to negotiate a plea, and petitioner agreed. Petitioner informed trial counsel of his decision. Trial counsel declined to participate in the negotiations, but told petitioner to let him know what transpired. Petitioner testified that the investigating officer offered a four-year cap on sentencing in exchange for petitioner's full cooperation. Petitioner consequently met with the investigating officer and other police and made self-incriminating statements. As a result of information garnered from petitioner's statements, the investigating officer charged petitioner with additional counts of forgery, one count of accessory before the fact and one count of accessory after the fact of a felony (burglary).

Shortly before the guilty plea hearing, petitioner informed trial counsel he had been offered a four-year cap on his sentence. Trial counsel telephoned the investigating officer and was told that the solicitor was recommending concurrent sentences on all charges. Trial counsel advised petitioner that petitioner had no legal recourse. Petitioner consequently pled guilty to accessory before the fact of felony burglary and seven counts of forgery by uttering a forged instrument. He was sentenced to fifteen years in prison for the charge of accessory before the fact and to seven years for each of the counts of forgery, to run concurrently.

Petitioner applied for and received a PCR hearing, claiming, among other things, that he had received ineffective assistance of counsel. The PCR judge thereafter issued an order holding that the representation provided by trial counsel fell within the standards of competence demanded of attorneys in criminal matters, as well as within the broad range of reasonable professional assistance required of attorneys in general.

## II. DISCUSSION

To prove ineffective assistance of counsel, a defendant ██ must show that his attorney's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. (2d) 674 (1984). An attorney's performance is deficient when it is not reasonable under prevail-

ing professional norms. *Id.* at 688, 104 S. Ct. at 2065. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that but for counsel's deficient performance, defendant would not have pled guilty, and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-371, 88 L. Ed. (2d) 203 (1985).

Petitioner alleges that he made self-incriminating statements which were induced by the investigating officer's promise of a four-year sentencing cap. Petitioner asserts that trial counsel was ineffective for failing to inform petitioner prior to his guilty plea that his statements may have been made involuntarily, and, if so, would be inadmissible at trial. We agree. Statements are inadmissible at trial when they are made involuntarily. *State v. Franklin,* 299 S.C. 133, 382 S.E. (2d) 911 (1989). A statement is made involuntarily when it is induced by a promise of leniency. *State v. Peake,* 291 S.C. 138, 352 S.E. (2d) 487 (1987).

Petitioner next contends he was prejudiced, because but for trial counsel's deficient performance, he would not have pled guilty, and would have insisted on going to trial to challenge charges grounded on his allegedly involuntary statements. We agree, particularly in light of the fact that the state would bear the burden of proving beyond a reasonable doubt that petitioner's statements were made voluntarily. *State v. Peake, supra.*

This Court's review of PCR matters is limited to a determination of whether there is any evidence to support the PCR judge's findings of fact. *Cherry v. State,* 300 S.C. 115, 386 S.E. (2d) 624 (1989). If there is no evidence of probative value in the record to support the PCR judge's findings, we will not uphold those findings. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). We find no evidence to support the PCR judge's findings that trial counsel was not deficient. Accordingly, the order of the PCR judge is reversed, and the case remanded for trial.

We find petitioner's remaining exception to be without merit.

Reversed and remanded.

GREGORY, C.J., and CHANDLER and FINNEY, JJ., concur.

TOAL, J., concurring in separate opinion.

TOAL, Justice (concurring):

While I agree with the majority opinion, I would hold that counsel's performance was below reasonable professional norms for a second and equally prejudicial reason which is that counsel failed to object to the sentence of 15 years for accessory before the fact of "burglary."

The crime of burglary in this state can carry a prison sentence from five years to life, depending upon the degree of the offense. *See* S.C. Code Ann. §§ 16-11-311 to 313 (Supp. 1990).

In this case the indictment simply charged "burglary." No degree was specified, which is sufficient under *State v. Branham*, 13 S.C. 389 (1880). The record shows only that appellant drove codefendant to an area business where codefendant broke in and stole checks. Appellant then drove codefendant from the crime scene. S.C. Code Ann. § 16-11-313 (Supp. 1990) makes it a crime in this state to enter a building without permission with the intent to commit a crime. The first offense is punishable by five years in prison, the second offense by ten years in prison. To be guilty of accessory to a crime, one needs only to knowingly facilitate the completed crime. *See State v. Nicholson*, 221 S.C. 399, 70 S.E. (2d) 632 (1952). The facts on the record support appellant's guilt for accessory to third degree burglary. The elements of second degree burglary are the same as first except there must be aggravating circumstances. S.C. Code § 16-11-312 (Supp. 1990) list the necessary aggravating circumstances as follows:

(B) A person is guilty of burglary in the second degree if the person enters a building without consent and with intent to commit a crime therein, and either:

(1) When, in effecting entry or while in the building or in immediate flight therefrom, he or another participant in the crime:

    (a) Is armed with a deadly weapon or explosive; or

    (b) Causes physical injury to any person who is not a participant in the crime; or

    (c) Uses or threatens the use of a dangerous instrument; or

    (d) Displays what is or appears to be a knife, pistol,

revolver, rifle, shotgun, machine gun, or other firearm; or

(2) The burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or

(3) The entering or remaining occurs in the nighttime.

*Id.* § 16-11-312(B). Second degree burglary is punishable by fifteen years in prison. *Id.* § 16-11-312(C). The record is completely devoid of any facts which would raise appellant's crime to the level of second degree burglary. *Compare* S.C. Code Ann. §§ 16-11-312 and 16-11-313 (Supp. 1990); *see also Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969).

I would simply hold that where the record is completely devoid of any facts from which appellant's crime can be inferred, his plea of guilty could not have been knowingly and voluntarily made. *Boykin v. Alabama, supra.* Further, counsel's performance was below a reasonable professional norm in not objecting to the sentence which was obviously for second degree burglary, and appellant was prejudiced by counsel's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984).