24053

James A. RAYFORD, Respondent v. STATE of South Carolina, Petitioner.
(443 S.E. (2d) 805)

Supreme Court

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. James Patrick Hudson,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for petitioner.*

*Assistant Appellate Defender Robert M. Pachak,* of SC Office of Appellate Defense, Columbia, *for respondent.*

Submitted March 16, 1994.

Decided April 25, 1994.

BRISTOW, Acting Associate Justice:

We granted certiorari to review the State's claim that the postconviction relief (PCR) judge erred in vacating James A. Rayford's (Rayford) convictions and sentences on the ground that he received ineffective assistance of counsel. We reverse.

## I. *Facts*

Rayford was indicted for three counts of distributing crack cocaine and three counts of distributing crack cocaine within the proximity of a school. Pursuant to negotiations made by public defender Robert Tinsley (Tinsley), Rayford pleaded guilty to three counts of distributing crack cocaine and was given concurrent fifteen-year sentences on each charge. No direct appeal was taken. Rayford thereafter filed an application for postconviction relief (PCR) claiming, among other things, that ineffective assistance of counsel rendered his guilty plea "involuntarily and unintelligently made."

At the PCR hearing, Rayford testified that public defender Robert Hall (Hall) was assigned to his case before Tinsley and had promised to recommend a lenient sentence under the Youthful Offender Act.[1] According to Rayford, Tinsley made the same representation, but did not recommend a youthful offender sentence at the plea hearing. Tinsley denied having told Rayford that he would recommend a youthful offender sentence and testified that the only agreement was for con-

---

[1] S.C. Code Ann. §§ 24-19-10 to -160 (1989 & Supp. 1993).

current fifteen-year sentences. Tinsley further testified that Rayford was told he was facing a fifteen-year sentence. The PCR judge found Tinsley's testimony credible, but ruled that Hall was ineffective because Rayford purportedly based his plea on Hall's unfulfilled promise to recommend a youthful offender sentence. In accordance with that finding, the PCR judge vacated Rayford's guilty pleas and ordered a new trial.

## II. *Discussion*

The State contends that the PCR judge erred in vacating Rayford's guilty pleas. We agree.

When a defendant is represented by counsel during the plea process and enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed. (2d) 203 (1985); *Shirley v. State*, 306 S.C. 241, 411 S.E. (2d) 215 (1991). A defendant who pleads guilty on the advice of counsel may only attack the voluntary and intelligent character of the plea by showing 1) that counsel's representation fell below an objective standard of reasonableness and 2) there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill* at 56-57, 106 S.Ct. at 369, 88 L.Ed. (2d) at 208-09.

Rayford contends that Hall's representations regarding sentencing induced him to plead guilty and but for those representations he would have insisted on going to trial. However, a review of the record shows that even if Hall promised to recommend a youthful offender sentence, Rayford accepted a plea bargain negotiated by Tinsley after being fully informed of the consequences. There is no evidence that a youthful offender sentence was offered as part of the final plea agreement by the solicitor, the PCR judge found nothing deficient in Tinsley's representation of Rayford, and the record of the plea proceeding clearly establishes that Rayford could not have had any misconceptions regarding sentencing. Rayford admitted committing the crimes, acknowledged the potential sentences, and stated that his plea had not been induced by promises. Moreover, the following colloquy from the plea hearing refutes Rayford's claim that he did not understand the plea bargain:

Solicitor: We feel that he is not a high-level dealer, but a street dealer, and that a fifteen-year sentence on one indictment with a fifteen-year sentence on the other two to run concurrent is a proper and fair recommendation, judge.

. . . . .

Counsel: Your honor, I'll briefly add that we're in agreement with what [the solicitor] said about James Rayford . . . . We're in agreement with the solicitor in this matter and appreciate your consideration thereof. Thank you, your honor.

Court: Mr. Rayford, any comments from you:

Rayford: No, sir.

When there is no probative evidence in the record to support the PCR judge's findings, we will not affirm his ruling. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). We find no evidence in this record to support a finding that Rayford would not have pleaded guilty but for Hall's promise to recommend a lenient sentence. Accordingly, the PCR judge's order is

Reversed.

CHANDLER, Acting C.J., and FINNEY, TOAL and MOORE, JJ., concur.