531 S.E.2d 294

**Chavis THOMPSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25115.**

Supreme Court of South Carolina.

Submitted March 22, 2000.

Decided May 1, 2000.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General Matthew M. McGuire, all of Columbia, for respondent.

TOAL, Justice:

Chavis Thompson ("Thompson") appeals the post-conviction relief ("PCR") court's order denying his application for PCR based on ineffective assistance of counsel during his guilty plea. We reverse the PCR court, vacate Thompson's sentence, and remand for resentencing.

## FACTUAL/PROCEDURAL BACKGROUND

On December 23, 1993, Thompson killed Melvin Deshawn Williams by shooting him with a .45 caliber pistol. Thompson was indicted for murder in Charleston County in November 1994. On March 13, 1995, Thompson pled guilty to voluntary manslaughter pursuant to plea negotiations with the solicitor. At the trial, the solicitor requested the maximum 30 year sentence in violation of the plea agreement and Thompson's

attorney did not object to the solicitor's request. The trial judge imposed a 25 year sentence and this Court affirmed. *State v. Thompson*, Op. No. 96–MO–121 (S.C. Sup.Ct. filed May 1, 1996).

On June 18, 1996, Thompson filed an application for PCR based on ineffective assistance of counsel. On August 12, 1997, Thompson testified at the evidentiary hearing that he decided to enter a guilty plea because he was under the assumption that: (1) he would receive a youthful offender sentence; (2) he would receive no more than a 20 year sentence; and (3) the solicitor was not going to make a sentencing request or recommendation. Thompson testified at the PCR hearing that he would not have pled guilty but for his attorney's advice as to the terms of the plea agreement.

Thompson's attorney testified at the PCR hearing that Thompson initially planned to go to trial because the codefendant was not willing to testify against him. Thompson decided to pursue a plea bargain only after the codefendant decided to testify against him. During the plea negotiations, the trial judge told the attorneys he would not consider a youthful offender sentence and he would impose a sentence of at least 20 years, but not the maximum of 30 years. Thompson's attorney testified that she explained to Thompson before the plea that he could expect at least a 20 year sentence, but that the trial judge stated he would not impose the maximum 30 year sentence. She also told Thompson that the solicitor was not going to make a specific sentence recommendation. According to Thompson's attorney, Thompson "went back and forth about whether he was going to plead at that point for quite a while and then decided he would go ahead."

The solicitor requested the maximum 30 year sentence and Thompson's attorney did not object. The PCR court found that the solicitor breached the plea agreement by requesting a maximum sentence. According to the PCR court, because Thompson's attorney advised him that he would receive at least a 20 year sentence, but less than the 30 year maximum, Thompson suffered no prejudice as a result of his attorney's failure to object. The PCR court held that the 25 year sentence was within the sentencing range under which Thompson agreed to plead guilty. On September 18, 1997, the

PCR court denied Thompson's application for PCR and dismissed it with prejudice. Thompson appealed and the following issue is before this Court:

Did the PCR judge err in failing to find trial counsel was ineffective for not objecting when the solicitor recommended that Thompson be sentenced to the maximum term of imprisonment in violation of the negotiated plea agreement with the solicitor?

## LAW/ANALYSIS

Thompson argues that trial counsel was ineffective for failing to object when the solicitor recommended that the trial judge impose the maximum sentence. We agree.

■ In a PCR proceeding, the burden is on the applicant to prove the allegations in his application. *Bell v. State*, 321 S.C. 238, 467 S.E.2d 926 (1996); Rule 17.1(e), SCRCP. If there is any probative evidence to support the finding of the PCR judge, those findings must be upheld. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Likewise, a PCR judge's findings should not be upheld if there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

■ In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant who pleads guilty on advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases and there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial. *Rayford v. State*, 314 S.C. 46, 443 S.E.2d 805 (1994). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997).

First, Thompson must demonstrate that his attorney's failure to object fell below an objective standard of reasonableness demanded of attorneys in criminal cases. At the PCR

hearing, Thompson's attorney testified that she told Thompson prior to the guilty plea "that ... [the solicitor] was not going to make any specific recommendations for a particular number of years." Thompson's attorney did not object when the solicitor recommended the maximum sentence in violation of the plea agreement. Furthermore, when asked by the trial judge whether the solicitor had correctly and completely stated the plea negotiations, Thompson's attorney claimed that he had and there was nothing further that needed to be added regarding the plea negotiations. The PCR court found the solicitor violated the plea agreement but there was no prejudice to Thompson from his counsel's failure to object.

■ The facts of this case are analogous to the facts of *Jordan v. State*, 297 S.C. 52, 374 S.E.2d 683 (1988). In *Jordan*, the defendant agreed to plead guilty because he believed the solicitor would neither oppose nor recommend probation. *Id.* at 54, 374 S.E.2d at 685. When the solicitor in *Jordan* reneged on the plea agreement and recommended against probation, Jordan's attorney failed to draw the plea judge's attention to the plea bargain and then failed to move to withdraw Jordan's guilty plea. *Id.* We held that "the conduct of Jordan's counsel in not protecting Jordan's right to enforce the plea agreement with the Solicitor's office fell below prevailing professional norms." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Like the attorney in *Jordan*, Thompson's attorney's failure to object fell below prevailing professional norms.

The PCR judge found, based on the colloquy at the plea, that Thompson was not prejudiced because he was adequately informed of the twenty to thirty year sentencing range. However, the fact that the judge sentenced Thompson within the range is irrelevant. To establish prejudice, the proper analysis is to determine whether there was a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Jordan*, this Court found prejudice because the defendant had consistently insisted on going to trial and only agreed to plead when he believed the solicitor would neither oppose nor recommend probation. *Jordan*, 297 S.C. at 54, 374 S.E.2d at 685. According to this Court in *Jordan*,

Considering the original vehemence of Jordan in pursuing his right to trial by jury, we further hold that there is a reasonable probability that but for the fact that Jordan's attorney failed to object to the continuation of the guilty plea proceeding once the solicitor reneged on the plea bargaining agreement, that Jordan would not have pleaded guilty, but would have insisted on going to trial.

*Id.* Although Thompson did not specifically testify that he would have insisted upon going to trial if he had known the solicitor was going to make a recommendation, he did testify that he would not have pled guilty if he had known that he could have been sentenced to more than 20 years.

We find there is enough evidence to demonstrate that there was a reasonable probability Thompson would not have pled guilty if he had known the solicitor was going to make a sentencing recommendation. Thompson testified that he believed the State's case against him was weak and he originally agreed to plead guilty only if he received a youthful offender sentence. After Thompson was advised that the judge would not consider a youthful offender sentence, Thompson's attorney entered plea negotiations with the solicitor. Wavering as to whether to go to trial until the last minute, Thompson entered his guilty plea in reliance on the sentencing range and the solicitor's agreement not to make any sentencing recommendation or request. At the PCR hearing, Thompson stated:

My understanding with the recommendation of the Solicitor, as explained to me through [my attorney], was that he was not supposed to impose a sentence upon me. He was not to stand up in court and testify as [sic] say that I recommend the maximum sentence, in which he did.

The fact that Thompson was unsure whether to plead guilty up until the last minutes before trial coupled with the fact that he was under the impression the solicitor would not make a sentencing request is enough evidence to demonstrate a reasonable probability that Thompson would not have pled guilty but for his attorney's ineffective assistance.

## CONCLUSION

Based on the evidence presented in this case and this Court's holding in *Jordan v. State*, 297 S.C. 52, 374 S.E.2d 683 (1988), we REVERSE the PCR court's order denying Thomp-

son's application for PCR, vacate Thompson's sentence, and remand for resentencing.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.