669 S.E.2d 588

**Marcus D. ROBINSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26564.

Supreme Court of South Carolina.

Submitted Sept. 18, 2008.

Decided Nov. 24, 2008.

Deputy Chief Attorney Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen C. Ratigan, all of Columbia, for Respondent.

Chief Justice TOAL:

In this case, we granted certiorari to review the post-conviction relief (PCR) court's denial of Petitioner Marcus D. Robinson's request for relief. Petitioner argues that the PCR court erred in ruling that he was not prejudiced by plea counsel's failure to challenge the use of a prior uncounseled magistrate court's conviction to enhance the sentence on his present conviction. We find that the prior uncounseled conviction was improperly used to enhance Petitioner's sentence and remand the case for resentencing.

## FACTS

On September 16, 2003, Petitioner was indicted on one count of trafficking crack cocaine. At the plea hearing, the State and the plea judge noted that Petitioner had a prior conviction for possession of marijuana from 2000. The plea judge informed Petitioner that, consistent with a second offense, the minimum sentence he could receive would be seven years and the maximum would be thirty years. Plea counsel

did not object to the trafficking offense being treated as a second offense and Petitioner was sentenced to twenty years.

Petitioner filed an application for PCR, alleging that his guilty plea was involuntary and unknowing and that plea counsel was ineffective in failing to challenge the use of the prior conviction as a sentence enhancer. Specifically, Petitioner testified that he pled guilty without an attorney in magistrate court to marijuana possession in 2000 and was sentenced to public service. Petitioner was subsequently arrested and served jail time after failing to complete the public service. Petitioner testified that he believed he was pleading guilty to trafficking, first offense, rather than trafficking, second offense. However, Petitioner testified that he wanted to plead guilty.

The PCR court denied relief and found that, although plea counsel should have challenged the use of the 2000 uncounseled conviction, the use of that conviction did not prejudice Petitioner because he was sentenced to twenty years, less than the maximum sentence for a first offense.

Petitioner appealed and raises the following issue for review:

Did the PCR court err in ruling that Petitioner was not prejudiced by plea counsel's error in failing to challenge the use of his prior uncounseled magistrate court's conviction to enhance sentencing on the present conviction?

### STANDARD OF REVIEW

The burden of proof is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). The PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

### LAW/ANALYSIS

Petitioner argues the PCR court erred in denying relief on the grounds that Petitioner failed to show prejudice because he was sentenced within the range of available sentences for a first offense of trafficking. We agree.

A defendant's prior uncounseled misdemeanor conviction may only be used to enhance his sentence for a subse-

quent conviction if the defendant was not actually imprisoned as a result of the prior conviction. *Nichols v. United States,* 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994); *Glaze v. State,* 366 S.C. 271, 274–5, 621 S.E.2d 655, 657 (2005).

■■ We hold that plea counsel was deficient in failing to challenge the prior conviction. Petitioner did not have counsel at the magistrate hearing and although he was originally sentenced to public service only, he subsequently served time in jail as a result of the conviction. Therefore, this prior conviction could not be used for enhancement purposes. Moreover, the PCR court erred in its prejudice analysis by finding that Petitioner suffered no prejudice because his sentence was less than the maximum for a first offense of trafficking. *See Thompson v. State,* 340 S.C. 112, 116, 531 S.E.2d 294, 297 (2000) (holding that whether a defendant is sentenced within the sentencing range is irrelevant in showing the absence of prejudice).

■ Although the plea judge erroneously used Petitioner's prior conviction as an enhancer, in our view, the proper relief in this case is for Petitioner to be resentenced. Petitioner failed to show that his plea was involuntary. At the PCR hearing, Petitioner specifically testified that he had always wanted to plead guilty and that he did not want to go to trial. *See Thompson,* 340 S.C. at 116, 531 S.E.2d at 297 (recognizing that a defendant may only attack the voluntary nature of a plea by showing that but for plea counsel's error, he would not have pled guilty but would have insisted on going to trial).

Moreover, the United States Supreme Court and this Court have remanded for resentencing in cases similar to the instant case. For example, in *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the United States Supreme Court concluded that a defendant should be resentenced where the trial judge considered the defendant's prior unconstitutional convictions in determining the sentence. Because the sentence was not determined based on the "informed discretion of a trial judge, but ... upon misinformation of constitutional magnitude," the court remanded the case for resentencing. *Id.* at 447, 92 S.Ct. 589. This Court addressed a similar issue in *State v. Rich,* 269 S.C. 701, 239 S.E.2d 731 (1977), where there was evidence that the trial judge had considered the defendant's prior convictions in

sentencing, although the rap sheet he examined did not contain the dispositions of each charge. *Id.* at 702, 239 S.E.2d at 732. The Court remanded the case for resentencing to avoid the possibility of a sentence enhanced on the basis of unconstitutional prior convictions. *Id.* at 705, 239 S.E.2d at 733.

Accordingly, we find that the use of Petitioner's prior uncounseled conviction in enhancing his sentence was unconstitutional and therefore we reverse the PCR court's order denying relief and instruct the PCR court to remand the case for resentencing. *See Roscoe v. State,* 345 S.C. 16, 22, 546 S.E.2d 417, 420 (2001) (affirming the PCR court's order of remand for resentencing where the defendant was sentenced in excess of the maximum penalty).

### CONCLUSION

For the foregoing reasons, we hold that the PCR court erred in denying relief.

**REVERSED.**

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.