# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Gerald Smith, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2014-000951

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Richland County
L. Casey Manning, Circuit Court Judge

---

Opinion No. 27551
Heard June 4, 2015 – Filed July 29, 2015

---

## AFFIRMED

---

Attorney General Alan M. Wilson and Senior Assistant
Attorney General David A. Spencer, both of Columbia,
for Petitioner.

Appellate Defender Robert M. Pachak, of Columbia, for
Respondent.

---

**JUSTICE HEARN:** Gerald Smith was indicted for murder and pled guilty to voluntary manslaughter in the killing of his oxycontin supplier. He was sentenced to twenty-four years' imprisonment after the State requested he receive

the maximum punishment.  In this post-conviction relief (PCR) action, Smith alleges his attorney was deficient for failing to object to the State's recommendation after the State had previously promised to remain silent during sentencing.  The PCR court denied Smith's application and the court of appeals reversed.  *Smith v. State*, 407 S.C. 270, 754 S.E.2d 900 (Ct. App. 2014).

We agree with the court of appeals' excellent analysis that the State's recommendation of the maximum sentence was a breach of its agreement with Smith even where the State did not get the expected benefit of its bargain, and that Smith would not have pled guilty had he known the solicitor was going to breach the agreement; therefore, plea counsel's failure to object constituted ineffective assistance of counsel.  *See Thompson v. State*, 340 S.C. 112, 531 S.E.2d 294 (2000) (holding counsel was ineffective for failing to object when the solicitor recommended the trial judge impose the maximum sentence in contravention of its agreement to stay silent); *Jordan v. State*, 297 S.C. 52, 374 S.E.2d 683 (1988) (same).

We take this opportunity to explain the proper remedy under these circumstances.  In *Jordan*, the Court reversed the PCR court's denial of relief and remanded for either a new trial or resentencing.  *Id.* at 52, 374 S.E.2d at 684.  In *Thompson*, the Court reversed the PCR court's denial of relief, and remanded solely for resentencing.  340 S.C. at 118, 531 S.E.2d at 297.  Here, presumably following the precedent of *Thompson*, the court of appeals reversed and remanded for resentencing.  We now clarify the proper remedy is a new trial.[1]  Although Smith's attorney was deficient for failing to object at the sentencing hearing, the underlying question is whether Smith would have entered into the plea agreement had he known the State was going to breach the agreement.  *See Jordan*, 297 S.C. at 54, 374 S.E.2d at 684 (stating a defendant alleging ineffective assistance of counsel during a guilty plea must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Therefore, the proper remedy for counsel's ineffective assistance is invalidation of the entire agreement.

Nevertheless, we affirm the court of appeals' decision reversing and remanding for resentencing because neither party appealed from the mandate portion of the decision.  The court of appeals' unappealed remand for resentencing

---

[1] We note that Smith requested only a new trial—not resentencing—during his PCR hearing.

is thus the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."). Therefore, we affirm the decision of the court of appeals *in toto*.

**TOAL, C.J., KITTREDGE, J., and Acting Justice James E. Moore, concur. PLEICONES, J., concurring in result only.**