**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dennis Cumbee, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000966

---

Appeal From Georgetown County
William H. Seals, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-321
Submitted September 1, 2024 – Filed October 2, 2024

---

**AFFIRMED AS MODIFIED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia, for Respondent.

---

**PER CURIAM:** This court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner Dennis Cumbee, Jr. failed to prove his plea counsel was ineffective in (1) misadvising him that he would be required to serve every day of his thirty-five-year sentence, and (2) failing to move to withdraw

Cumbee's guilty plea after the plea court asserted he would not be eligible for any type of early release. We affirm pursuant to Rule 220(b), SCACR.

1. We hold there was probative evidence in the record to support the PCR court's finding that plea counsel was not ineffective in misadvising Cumbee regarding his sentence. Plea counsel was deficient in misinforming Petitioner that he would be eligible for early release. *See* S.C. Code Ann. § 16-3-20(A) (2015) (explaining that a person sentenced to a mandatory minimum term ranging from thirty years to life for murder is not eligible for parole, any early release program, or any other credits which would reduce his sentence); *Frasier v. State*, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (holding that plea counsel is deficient if he "actively misinforms" a defendant about parole eligibility). However, the plea hearing transcript reflects the plea court correctly advised Cumbee he would have to serve the entirety of his thirty-five-year sentence. *See Burnett v. State*, 352 S.C. 589, 592, 546 S.E.2d 144, 145 (2003) ("When considering an allegation . . . that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine whether information conveyed by the plea judge cured any possible error made by counsel."). Additionally, we find Cumbee failed to demonstrate that but for counsel's erroneous advice, he would have proceeded to trial: Cumbee acknowledged the veracity of the State's evidence during both his plea and PCR hearings, he testified inconsistently as to what motivated him to accept the State's plea offer, and plea counsel testified he was hired primarily in order to obtain a more favorable plea offer for Cumbee than his prior counsel. *See Thompson v. State*, 340 S.C. 112, 116, 530 S.E.2d 294, 297 (2000) ("To establish prejudice, the proper analysis is to determine whether there was a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have pled guilty and would have insisted on going to trial."); *Lee v. United States*, 582 U.S. 357, 367 (2017) ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the [State] offers one."); *Frasier*, 351 S.C. at 389, 570 S.E.2d at 174 ("[I]f [plea] counsel actively misinforms the defendant about parole eligibility, the defendant must prove he relied on the misinformation to receive PCR.").

2. We hold the PCR court erred in finding counsel was not deficient in failing to move to withdraw the plea. Plea counsel testified he did not understand at the time that the plea court's colloquy contradicted his understanding of Cumbee's eligibility for early release, and that misunderstanding was the reason that he did not attempt to withdraw the plea. *See Jordan v. State*, 297 S.C. 52, 54, 374 S.E.2d 683, 685 (1988) (finding counsel deficient for failing to draw the plea court's attention to the

terms of a plea agreement and subsequently move to withdraw his client's plea after the State breached the terms of the agreement).

However, we conclude there was probative evidence to support the PCR court's finding that Cumbee failed to establish he was prejudiced by counsel's deficiency: there was evidence in the record indicating Cumbee's misunderstanding of the collateral consequences of his sentence were unrelated to his decision to plead, that he agreed with the State's facts, and that he never intended to proceed to trial. *See Thompson*, 340 S.C. at 116, 530 S.E.2d at 297 ("To establish prejudice, the proper analysis is to determine whether there was a reasonable probability that, but for counsel's unprofessional errors, the defendant would not have pled guilty and would have insisted on going to trial."); *Lee*, 582 U.S. at 367 ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the [State] offers one."); *cf. Jordan*, 297 S.C. at 54, 374 S.E.2d at 685 (finding PCR applicant demonstrated he was prejudiced by counsel's failure to withdraw his plea because the record showed his "original vehemence" in pursuing a trial).

**AFFIRMED AS MODIFIED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.