Horace BUTLER, Petitioner v. The STATE of South Carolina, Respondent.
(397 S.E. (2d) 87)

Supreme Court

June 20, 1990.

ORDER

Petitioner, a death row inmate, seeks a writ of habeas corpus. After careful consideration of the important issues raised by his petition, and in light of the unique circumstances involved in this matter, we grant the writ.

Petitioner's conviction and sentence were affirmed on direct appeal. *State v. Butler,* 277 S.C. 452, 290 S.E. (2d) 1 (1982), *cert. denied,* 459 U.S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191 (1983). Three years later we affirmed the denial of petitioner's request for post-conviction relief. *Butler v. State,* 286 S.C. 441, 334 S.E. (2d) 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986). Petitioner has now exhausted his federal reviews.

Three and one-half years after petitioner's direct appeal was affirmed, and approximately one and a half months after the decision in *Butler v. State,* this Court issued its opinion in *State v. Gunter,* 286 S.C. 556, 335 S.E. (2d) 542 (1985). In *Gunter* we held the trial judge violated the defendant's fifth amendment rights by coercing him to take the witness stand in his defense. We deplored the judge's warning that even though he would charge the jury they could not consider the defendant's failure to testify, the jury would most likely ignore this instruction.

Subsequently, two capital cases raising this issue came before us. In *State v. Pierce,* 289 S.C. 430, 346 S.E. (2d) 707 (1986), and *State v. Cooper,* 291 S.C. 332, 353 S.E. (2d) 441 (1986), the same trial judge made similar comments to each defendant. Both defendants had chosen not to testify, and neither was swayed by the judge's comments. The State argued, therefore, that any error was harmless since the defendants were not prejudiced. We rejected the suggestion that these types of comments could ever constitute harmless error, noting, "The comments by the judge were erroneous, improper and contrary to South Carolina law." *State v. Pierce,* 289 S.C. at 434, 346 S.E. (2d) at 710.

Petitioner's request for habeas corpus is based on the fact that at his trial, this same trial judge committed this identical error. If anything, the error here was more egregious since it was subsequently determined that petitioner is mentally retarded.[1] A review of the colloquy in light of this fact (unknown to the trial judge at the time) raises serious questions whether petitioner even understood the proceedings. *Cf., State v. Arthur*, 296 S.C. 495, 374 S.E. (2d) 291 (1988) (valid waiver not established by mentally retarded defendant's bare asset to leading questions).

"The great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention." *Walker v. Wainwright*, 390 U.S. 335, 88 S. Ct. 962, 19 L. Ed. (2d) 1215 (1968). Here, petitioner seeks to take advantage of constituional principles recognized after his trial, appeal, and exhaustion of state post-conviction relief proceedings. We caution that not every intervening decision, nor every constitutional error at trial will justify issuance of the writ. Rather, the writ will issue only under circumstances where there has been a "violation, which, *in the setting*, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *State v. Miller*, 16 N.J. Super. 251, 84 A. (2d) 459 (1951) (emphasis added); *see also Uveges v. Commonwealth of Pennsylvania*, 335 U.S. 437, 69 S. Ct. 184, 93 L. Ed. 127 (1948). Although we do not condone the delay in calling this grave constitutional error to our attention, under the unique and compelling circumstances of this case we grant petitioner relief.

Accordingly, the writ of habeas corpus is granted. The matter is remanded to the Charleston County Court of General Sessions for a new trial.

It is so ordered.

---

[1] Some evidence of petitioner's retardation was produced at the sentencing phase of his trial; the judge's comments were made during the guilt phase. The most recent testing indicates petitioner has a Full Scale I.Q. of 61, a Verbal I.Q. of 65, and a Performance I.Q. of 61.