23519

Paul S. BROWN, Petitioner v. STATE of South Carolina , Respondent.

(412 S.E. (2d) 399)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, of S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen W. Teresa Nesbitt,* Columbia, *For Respondent.*

Submitted Oct. 22, 1991.

Decided Dec. 9, 1991.

HARWELL, Justice:

We Granted petitioner Paul S. Brown's application for writ of certiorari to determine wether the postconviction relief (PCR) judge erred in finding petitioner's guilty plea was made knowingly and voluntarily even though the trial judge misinformed petitioner that he was eligible for parole when he is ineligible for parole. We reverse and remand for trial.

## I. FACTS

Petitioner was charged with attempted burglary, burglary in the first degree[1] and aggravated assault and battery. Petitioner pled guilty to all charges and was sentenced to eighteen years incarceration. At the guilty plea hearing, the trial judge twice stated that petitioner would have to serve at least one-third of his sentence before he would be eligible for parole. After petitioner was incarcerated, he discovered that because he previously had been convicted of a violent crime,[2] he was not eligible for parole. The trial judge was aware of petitioner's prior conviction.

Petitioner applied for and received a PCR hearing. The PCR judge found that petitioner had knowingly and voluntarily entered a guilty plea.

## II. DISCUSSION

Petitioner asserts his guilty plea was not made knowingly and voluntarily because the trial judge misinformed him that he would be eligible for parole after serving one-third of his sentence, when in fact petitioner is ineligible for parole. We agree.

A defendant desiring to plead guilty must have a full understanding of what the plea connotes and the consequences of the plea. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969). The imposition of a sentence may have a number of collateral consequences, however, and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is *not* informed of the col-

---

[1] Burglary in the first degree is a violent crime as defined by S.C. Code Ann. § 16-1-60 (Supp. 1990).

[2] Petitioner was convicted in 1985 of criminal sexual conduct in the first degree, a violent crime as defined by S.C. Code Ann. § 16-1-60 (Supp. 1990), and was on probation when the events leading to his arrest occurred.

lateral consequences. *Strader v. Garrison,* 611 F. (2d) 61, 63 (4th Cir. 1979) (emphasis added). Parole eligibility typically is a collateral consequence of sentencing about which a defendant need not be specifically advised before entering a Guilty plea. *Garris v. Cook,* 278 S.C. 622, 300 S.E. (2d) 483 (1983). This is because parole eligibility is not a matter within the jurisdiction of the trial court, but falls within the province of the Board of Probation, Parole, and Pardon Services (the Board).[3] S.C. Code Ann. § 24-21-610 (1989). However, the Board has no power to grant parole to "any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a second or subsequent conviction, for violent crimes as defined in Section 16-1-60." S.C. Code Ann. § 24-21-640 (Supp. 1990). Petitioner falls within the class of prisoners to whom the legislature has denied any possibility of parole.

We think that when a trial judge misinforms a defendant that he is eligible for parole when in fact he is ineligible for parole, his plea does not represent "a voluntary and intelligent choice among alternative courses of action" available to him. *North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. (2d) 162 (1970). We hold that petitioner's guilty plea was not knowingly and voluntarily made because the trial judge misinformed him that he would be eligible for parole when he is ineligible for parole.

We will not uphold a PCR judge's findings if there is no evidence of probative value in the record to support those findings. *High v. State,* 300 S.C. 88, 386 S.E. (2d) 463 (1989). We reverse the order of the PCR judge and remand for trial.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

---

[3] After a prisoner has served one-fourth of his sentence, the Board evaluates the prisoner's record to determine whether the prisoner is eligible for parole. S.C. Code Ann. § 24-21-620 (1989). The Board considers such factors as whether the prisoner has shown a disposition to reform, whether the prisoner will probably obey the law in the future, whether the prisoner merits a lessening of the rigors of confinement, whether parole will impair societal interests, and whether suitable employment has been secured for the prisoner. S.C. Code Ann. § 24-21-640 (Supp. 1990).