24003

George M. PENNINGTON, Appellant v. The STATE, Respondent.

(441 S.E. (2d) 315)

Supreme Court

*Deputy Chief Atty. Joseph L. Savitz, III, S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., James Patrick Hudson, Chief Deputy Atty. Gen., Delbert H. Singleton, Jr., Asst. Atty.* Columbia, and *Ralph J. Wilson, Sol.,* Conway, *for respondent.*

Heard Dec. 8, 1993.

Decided Feb. 7, 1994.

TOAL, Associate Justice:

This appeal arises from the circuit court's denial of a petition for writ of habeas corpus. We affirm.

## Facts

In December 1989, Petitioner, George M. Pennington, was convicted of two counts of distribution of crack cocaine and sentenced to concurrent prison terms of twenty-five years. We affirmed the conviction on direct appeal in *State v. George M. Pennington,* Op. No. 91-MO-176, filed June 25, 1991.

Without filing an application for postconviction relief pursuant to S.C. Code Ann. § 17-27-20 (1976), Petitioner filed a Motion for Petition for Writ of Habeas Corpus dated July 1, 1991. On October 21, 1991, the circuit court ordered Petitioner to file an application for postconviction relief within thirty days, or the petition for habeas corpus would be dismissed at the end of the period.

Petitioner did not file the application for postconviction relief and on January 13, 1993, the circuit court dismissed the petition for writ of habeas corpus with prejudice. Petitioner now appeals.[1]

---

[1] On February 9, 1993, the Office of Appellate Defense notified this Court that the appeal should be dismissed because the circuit court order, "merely dismisse(d) his habeas corpus petition which is not a viable action in this State." App. p. 17. In an order dated March 11, 1993, this Court stated that there was "no evidence counsel communicated with his client before seeking dismissal of the appeal." App. p. 19. This same order also provided that "[t]he availability of the writ has been curtailed, but not eliminated, by post-conviction relief." App. p. 19 n. 1.

## Issues

The sole issue on appeal is whether the circuit court properly dismissed the Petitioner's petition for writ of habeas corpus.

## Law/Analysis

Petitioner, in his petition for writ of habeas corpus, raises a multitude of alleged constitutional violations, encompassing *inter alia*, ineffective assistance of counsel, unconstitutional sentence, prejudicial pretrial publicity, denial of documents required for appeal, false testimony by the prosecutor, a verdict against the weight of the evidence, and various other due process and equal protection violations. Petitioner argues that the trial court erred in dismissing the petition without an evidentiary hearing.

South Carolina Code Ann. § 17-27-20 (1976) provides that the Uniform Post-Conviction Relief Act "comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence" and "shall be used exclusively in place of them."

The writ of habeas corpus is still a statutory remedy provided for by S.C. Code Ann. § 17-17-10 (1976), and more importantly, constitutionally guaranteed by article I, § 18, of the South Carolina Constitution. Section 18 provides, "[t]he privilege of the writ of *Habeas Corpus* shall not be suspended unless when, in case of insurrection, rebellion or invasion, the public safety requires it." *Id.*

In *Baskins v. Moore,* 362 F. Supp. 187 (D.S.C. 1973), the District Court for South Carolina, while addressing the continued viability of the writ of habeas corpus, stated that even where:

> petitioner's claim is of the core of habeas, petitioner must exhaust either by way of the statutory procedural device—Section 17-601 et seq. [the predecessor statute to § 17-27-20]—or, if Section 17-601 be deemed inadequate or ineffective, by way of writ of habeas corpus filed with the South Carolina Supreme Court.

*Id.* at 192 n. 5.

In *Butler v. State,* 302 S.C. 466, 397 S.E. (2d) 87 (1990), we

held that not every intervening decision or constitutional error will justify the issuance of a writ of habeas corpus. We stated that "the writ will issue only under circumstances where there has been a 'violation, which, *in the setting*, constitutes a denial of fundamental fairness shocking to the universal sense of justice.' " *Id.* at 468, 397 S.E. (2d) at 88 [emphasis in the original]. In deciding *Butler*, we relied on the New Jersey Superior Court decision in *State v. Miller*, 16 N.J. Super. 251, 84 A. (2d) 459 (1951), where the prosecutor's failure to recommend a particular sentence in accordance with a plea agreement was an insufficient basis for habeas relief.

In *Tyler v. State*, 247 S.C. 34, 145 S.E. (2d) 434 (1965), we held that the writ of habeas corpus cannot be used as a substitute for appeal or other remedial procedure. Of course, a petitioner may still obtain a writ of habeas corpus from this Court, after exhausting all other sources of relief, "where there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *State v. Torrence*, 305 S.C. 45, 69, 406, S.E. (2d) 315, 328 (1991) (Toal, A.J., concurring); *Butler, supra.*

In our most recent decision granting habeas relief, *Slack v. State,* — S.C. —, 429 S.E. (2d) 801 (1993), the petitioner had exhausted all postconviction remedies prior to raising subject matter jurisdiction as an issue. In *Butler, supra,* the petitioner had also exhausted his postconviction remedies.

The District Court in *Baskins, supra* correctly stated the rule, and although not binding on this Court, the reasoning of the decision is persuasive. Petitioner has not filed an application for postconviction relief, and most, if not all[2] of the claims made in the present petition, are proper issues under the postconviction relief statute. Noting the language of the footnote in our order of March 11, 1993, the postconviction relief statutes curtail the issuance of the writ. The curtailment, when read in light of *Baskins*, is merely the requirement to exhaust the avenues available under postconviction relief prior to the filing of a petition for habeas corpus.

---

[2] It is extremely difficult to imagine that any of Petitioner's claims for relief would not rest in either "after discovered evidence" or "ineffective assistance of counsel." Either of these claims can and should be properly addressed first in an application for postconviction relief.

Accordingly, we AFFIRM the circuit court's dismissal of the petition for writ of habeas corpus.

CHANDLER, A.C.J., FINNEY and MOORE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.