24118

Earl S. HUNTER, Petitioner v. STATE of South Carolina, Respondent.
(447 S.E. (2d) 203)

Supreme Court

---

*Joseph L. Savitz, III, Deputy Chief Atty.* of *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*T. Travis Medlock, Atty. Gen., James Patrick Hudson, Chief Deputy Atty. Gen., Delbert H. Singleton, Jr., Asst. Atty. Gen., Teresa A. Knox, Asst. Atty. Gen.,* Columbia, *for respondent.*

Submitted May 18, 1994.

Decided July 5, 1994.

TOAL, Justice:

This appeal arises by way of a writ of *certiorari* to review the circuit court's denial of Petitioner's writ of *habeas corpus* as a successive application for postconviction relief. We AFFIRM.

## FACTS

On November 6, 1986, Petitioner pled guilty to armed robbery and two counts of assault with intent to kill. After his plea, the trial judge sentenced the Petitioner to twenty-one years for armed robbery and seven years on each count of assault with intent to kill which were to be served consecutively. Petitioner did not appeal his conviction.

In october 1987, Petitioner filed an application for postconviction relief alleging, *inter alia,* that counsel was ineffective for failing to explain that he would not be eligible for parole and, therefore, his plea was not entered knowingly or voluntarily. We denied *certiorari* on June 8, 1989. Subsequently, Petitioner filed a petition for writ of *habeas corpus* in the United States District Court raising essentially the same allegations. This federal petition was denied on April 13, 1990.

On March 26, 1992, Petitioner filed a petition in state court for writ of *habeas corpus* which was denied in an Order dated May 31, 1992. The circuit court's Order dismissed the petition as a successive application for postconviction relief based on the subject matter of the allegations contained in the petition.[1] Petitioner now appeals the circuit court's dismissal.

---

[1] A writ of *habeas corpus* is an appropriate petition so long as the petition itself supports the requested relief. In *Pennington v. State,* — S.C. —, 441 S.E. (2d) 315 (1994), we acknowledged that habeas corpus was a statutory and constitutional remedy which could only be suspended in extremely limited circumstances. *Id.;* S.C. Const. art. I, § 18; S.C. Code Ann. § 7-17-10 et seq. (Supp. 1993). In *Butler v. State,* 302 S.C. 466, 397 S.E. (2d) 87 (1990), we held that not every intervening decision or constitutional error would justify the issuance of a writ of habeas corpus. The test is whether there has been "a 'violation, which, *in the setting,* constitutes a denial of fundamental fairness shocking to the universal sense of justice.' " *Id.* at 468, 397 S.E. (2d) at 88 [emphasis in the original]; *see Pennington, supra; State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991) (Toal, A.J., concurring). The allegations raised in Petitioner's latest petition for a writ of *habeas corpus* simply do not rise to the level of the enunciated test.

## ISSUES

We directed that the following issues be addressed on this appeal:

1. Does a change in the law constitute sufficient reason under S.C. Code Ann. § 17-27-90 (1988) to file a successive PCR application; and

2. Does *Paul S. Brown v. State*, 306 S.C. 381, 412 S.E. (2d) 399 (1991) entitle a petitioner to relief when the guilty plea judge gives erroneous parole eligibility advice at the plea hearing even though there is evidence that counsel rendered effective assistance?

## LAW/ANALYSIS

We asked the parties to brief the issues of whether a change in the law justifies the filing of a successive postconviction relief application, and whether *Brown, supra,* mandates reversal where a sentencing judge provides incorrect parole advice. Because both issues are intertwined, it is necessary to treat them jointly.

The circuit court examined the allegations of the petition and determined that the writ of *habeas corpus* was at least substantively an application for postconviction relief. Petitioner alleges that *Brown, supra,* changed the law and now mandates reversal of the conviction because the sentencing judge misinformed Petitioner about his eligibility for parole. In *Brown,* we held that where a sentencing judge "misinforms a defendant that he is eligible for parole when in fact he is ineligible for parole, . . . 'the plea does not reflect' a voluntary and intelligent choice among the alternative courses of action." *Id.* at 383, 412 S.E. (2d) at 401. At the same time, we noted that a guilty plea is not involuntary if there is no reference to a collateral consequence such as parole. *Id.* The simple rule from *Brown* is that it is not constitutionally required to give parole advice at a guilty plea hearing; but if the advice which is given is incorrect, then the plea may not be knowing and voluntary.

In *Brown,* the trial judge informed the defendant that he would not be eligible for parole until he had served one-third of his sentence. This misstatement was predicated on the judge's understanding of the Board of Probation, Parole, and Pardon Services' policies and not a specific statutory mandate.

The actions of the trial judge in the instant case are readily distinguishable from those in *Brown*. Here, the trial judge, after reading the indictment, informed the Petitioner that:

> [y]ou could receive a maximum sentence of twenty-five years, a minimum sentence of ten years—no part of which may be suspended. And you will not be eligible for parole until you have completed at least seven years of your sentence. Do you understand the charges and possible sentence?

The judge's language was taken directly from S.C. Code Ann. § 16-11-330 (1985) which provides in relevant part:

> [a]ny person convicted for the crime of robbery while armed with a [deadly weapon] shall suffer punishment by imprisonment at hard labor for a term of not less than ten years nor more than twenty-five years, in the discretion of the judge, no part of which may be suspended. No person convicted under the provisions of this subsection *shall be eligible for parole until he has served at least seven years of his sentence.*

[Emphasis added.] This distinction in the actions of the respective trial judges is a stark contrast which removes Petitioner from the complete misstatement of law presented in *Brown*.

A strict reading of *Brown, supra,* seems to dictate that a guilty plea must be reversed for any misstatement of parole eligibility by a trial judge, even where the misstatement relates to Petitioner's particularized situation rather than the applicable law. This simply is not correct; and to the extent that *Brown* appears to stand for this proposition, it is modified. We still believe that erroneous parole advice from the bench could, on certain facts, mislead a defendant to his detriment; however, it would be wholly impractical to maintain a rule which requires the automatic reversal of a guilty plea without something more. Where the trial judge merely explains the minimum criteria for parole eligibility as contained in the applicable statute, the fact that the defendant is not actually eligible for parole does not render his guilty plea involuntary or unknowing. Moreover, the record here is replete with evidence that the Petitioner received correct pa-

role information from his trial counsel prior to his plea of guilty.

Petitioner asserts that our decision in *Brown, supra,* was a sufficient change in the law to warrant the filing of a successive postconviction relief application. Given our holding today, it is not necessary for us to address this question. Where issues have become moot, they are no longer a proper subject for review. *Wallace v. City of York,* 276 S.C. 693, 281 S.E. (2d) 487 (1981).

Accordingly, for the reasons stated, the decision of the circuit court is AFFIRMED.

HARWELL C.J., and CHANDLER and MOORE, JJ., concur.

FINNEY, A.J., concurring in separate opinion.

FINNEY, Justice, concurring:

I agree the circuit court properly denied petitioner's application for postconviction relief (PCR) but write separately because I disagree with the majority opinion's methodology.

Petitioner's first PCR application was disposed of prior to our decision in *Brown v. State,* 306 S.C. 381, 412 S.E. (2d) 399 (1991). After *Brown* was decided, petitioner filed this action claiming *Brown* was a change in the law entitling him to maintain a successive PCR application. Since I believe *Brown* was wrongly decided, I would simply overrule it. This decision renders moot the change in the law issue.

The general rule is that while there is no obligation to inform a guilty plea defendant of the collateral consequences of his plea, once one undertakes to give such advice, *and that advice is a basis for the defendant's* decision to plead guilty, it must be correct. E.g., *Hinson v. State,* 297 S.C. 456, 377 S.E. (2d) 338 (1989). *Brown* represents an unwarranted deviation from this rule in that it holds misadvice from the trial judge at a plea proceeding automatically invalidates the plea, without regard to whether that misadvice or misstatement in any way influenced the defendant's decision to plead. In my opinion, *Brown* should be overruled and the denial of petitioner's successive PCR application affirmed.