546 S.E.2d 417

**Lamarko S. ROSCOE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25287.

Supreme Court of South Carolina.

Submitted March 22, 2001.

Decided April 30, 2001.

18

Assistant Appellate Defender Robert M. Pachak, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General G. Robert DeLoach, III, all of Columbia, for respondent.

## ON WRIT OF CERTIORARI

WALLER, Justice:

We granted a writ of certiorari to review the denial of Lamarko Roscoe's application for Post–Conviction Relief (PCR). We affirm.

## FACTS

Roscoe pleaded guilty to kidnapping, armed robbery, and burglary in the first degree.[1] In exchange for his plea, charges of grand larceny, possession of a weapon during commission of a violent crime, and criminal conspiracy were *nol prossed*.[2] At the plea hearing, Roscoe was advised that he could get "as much as 70 years to life" for armed robbery, kidnapping and burglary in the first degree, and that, with the addition of accessory charges, he was facing as much as 140 years to life.[3] The plea judge then advised Roscoe that the potential sentence for armed robbery was **25 years** in jail. In fact, pursuant to S.C.Code § 16–11–330 (Supp.2000), the maximum sentence for armed robbery was **30 years**. 1993 S.C. Acts 184, § 170.[4] Sentencing was deferred until such time as a co-defendant's case was disposed of in federal court. Thereafter, Roscoe was sentenced to 30 years, concurrent, on each offense (armed robbery, burglary in the first degree and kidnapping).

Roscoe sought PCR, claiming his plea was involuntary because he was advised by the plea judge that he could receive 140 years to life (including the accessory charges), when in fact, he could not have been sentenced both as an accessory and of the principal offense. The PCR court denied relief, finding the pleas to the accessory charges had been withdrawn at sentencing. However, the court *sua sponte* noted that the

1. On October 13, 1995, Roscoe and a co-defendant (Evans) entered the home of Parker and Brenda Shaw in Edgefield and waited for them. When they got home, Mr. Shaw was tied up with duct tape, and Mrs. Shaw was taken to a bedroom and held at gunpoint. Two other adults, Mark and Jennifer Fentress, and two grandchildren, were also held hostage in the home. The Shaws' daughter, Amy, then came home and was abducted by a third co-defendant (Jeberk) and taken to the bank in Augusta where she was employed and forced to give him $86,000.00 from the safe.

2. The solicitor also indicted Roscoe with only single counts of kidnapping and armed robbery, notwithstanding there were multiple victims.

3. At sentencing, the State agreed to withdrawal of the accessory pleas since Roscoe could not be convicted as both an accessory and a principal.

4. Prior to 1993, section 16–11–330 provided a 25–year sentence for armed robbery. S.C.Code Ann. § 16–11–330 (1985).

plea judge had mis-advised Roscoe the potential sentence for armed robbery was 25, rather than 30 years. Accordingly, the armed robbery charge was remanded for re-sentencing. Roscoe sought certiorari contending the erroneous sentencing advice had rendered his pleas involuntary, requiring them to be vacated.

## ISSUE

Were Roscoe's pleas rendered unknowing and involuntary due to the trial court's erroneous statement that the maximum sentence he could receive was 25, rather than 30 years?

## DISCUSSION

Allegations of trial court error are not cognizable on PCR. *Wolfe v. State,* 326 S.C. 158, 485 S.E.2d 367 (1997); *see also State v. Johnston,* 333 S.C. 459, 510 S.E.2d 423 (1999). In PCR cases, a defendant asserting a constitutional violation must frame the issue as one of ineffective assistance of counsel. *Al–Shabazz v. State,* 338 S.C. 354, 527 S.E.2d 742 (1999). A defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial.[5] *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Jackson v. State,* 342 S.C. 95, 535 S.E.2d 926 (2000); *Thompson v. State,* 340 S.C. 112, 531 S.E.2d 294 (2000); *Rayford v. State,* 314 S.C. 46, 443 S.E.2d 805 (1994). Thus, an applicant must show both error and prejudice to win relief in a PCR proceeding. *Scott v. State,* 334 S.C. 248, 513 S.E.2d 100 (1999). Roscoe has made no showing of prejudice in this case.[6]

---

5. Given that Roscoe is seeking PCR, his claim that his plea was rendered involuntary due to the trial judge's erroneous sentencing advice is, in reality, a claim that counsel was ineffective in failing to object to or otherwise clarify the trial court's erroneous sentencing advice.

6. Although we have consistently held a defendant must have a full understanding of the consequences of his plea and of the charges

█ Initially, Roscoe claims **all** of his pleas are affected by the erroneous advice concerning the armed robbery charge. However, Roscoe was properly advised and sentenced on the kidnapping and burglary charges, and he fails to demonstrate his pleas to these offenses were in any way affected by the mis-advice concerning armed robbery. Accordingly, his pleas to kidnapping and burglary are unaffected.

█ Moreover, Roscoe has failed to demonstrate that his plea to armed robbery was affected by the trial court's statement. The record is devoid of evidence that, if Roscoe had known the maximum penalty for armed robbery was 30, rather than 25 years, he would not have pled guilty and would have insisted upon going to trial. As noted previously, in exchange for Roscoe's plea, charges of grand larceny, possession of a weapon during commission of a violent crime, and criminal conspiracy were *nol prossed.* Further, the solicitor elected to indict Roscoe for only one count of armed robbery and kidnapping, notwithstanding there were multiple victims. Moreover, Roscoe was advised by the plea judge that he was facing 70 years to life. It strains credulity to suggest that if he had been told that he was, in fact, facing 75 years to life, Roscoe would have decided against accepting the plea. *Accord Manley v. United States,* 588 F.2d 79, 82 (4th Cir.1978) (holding "a mistake of a few years in advice about the length of what would otherwise be a long term would not constitute ineffectiveness of counsel").

Roscoe cites three cases for the proposition that a plea which is induced by erroneous sentencing information is thereby rendered involuntary. *See Alexander v. State,* 303 S.C. 539, 402 S.E.2d 484 (1991); *Ray v. State,* 303 S.C. 374, 401 S.E.2d 151 (1991); *Hinson v. State,* 297 S.C. 456, 377 S.E.2d 338 (1989). In each of these cases, however, there was evidence supporting a finding that the defendant's plea was induced such that, but for the erroneous advice, the defendant would not have pled guilty but would have insisted on going to trial. Here, there is simply no such evidence.

against him, *Smith v. State,* 329 S.C. 280, 494 S.E.2d 626 (1997); *Simpson v. State,* 317 S.C. 506, 455 S.E.2d 175 (1995); *Dover v. State,* 304 S.C. 433, 405 S.E.2d 391 (1991), the defendant must also demonstrate prejudice to be entitled to relief on PCR.

22

■ Finally, in the context of incorrect advice from the trial court, we held in *Hunter v. State*, 316 S.C. 105, 109, 447 S.E.2d 203, 205 (1994), that "erroneous ... advice from the bench could, on certain facts, mislead a defendant to his detriment; however, it would be wholly impractical to maintain a rule which requires the automatic reversal of a guilty plea without something more." [7] Roscoe has failed to demonstrate "something more" in this case. Accordingly, the PCR court's order is

**AFFIRMED.**[8]

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

---

7. *Hunter* involved a trial court's explanation of minimum parole eligibility pursuant to a specific statute in a situation in which the defendant was actually parole eligible. We modified *Brown v. State*, 306 S.C. 381, 412 S.E.2d 399 (1991), to the extent *Brown* appeared to dictate a guilty plea must be reversed for any misstatement of parole eligibility by a trial judge.

8. Given that Roscoe was sentenced in excess of the maximum penalty for armed robbery, we affirm the PCR court's remand for resentencing. *See. State v. Johnston*, 333 S.C. 459, 510 S.E.2d 423 (1999).