570 S.E.2d 172

**Robert FRASIER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25524.**

Supreme Court of South Carolina.

Heard March 5, 2002.

Decided Sept. 3, 2002.

Assistant Appellate Defender Eleanor Duffy Cleary, of South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, of Columbia, for respondent.

JUSTICE BURNETT:

Petitioner pled guilty to armed robbery and was sentenced to twenty-one years imprisonment to be served concurrently with a prior sentence. The Court granted a writ of certiorari to review the decision of the post-conviction relief (PCR) judge denying petitioner relief. We affirm.

## FACTS

At the plea proceeding, the trial judge questioned petitioner as follows:

The Court: This is [petitioner], who is accused in this indictment with two different counts, one for armed robbery and one for possession of a shotgun. He's pleading guilty to armed robbery but not to possession of the sawed-off shotgun. Now, for the armed robbery, you could receive a sentence of from ten years up to twenty-five years, and you have to do at least seven under our parole statute. Do you understand that, [petitioner]?

A. Yes, Your Honor.

Although petitioner was parole ineligible because he had a prior conviction for a violent offense, trial counsel neither

objected to the judge's statement nor moved the judge to clarify petitioner's parole status.[1]

At the PCR hearing, petitioner testified, prior to the plea, trial counsel told him he would face a maximum of twenty-five years imprisonment for armed robbery and would be eligible for parole in seven years. He testified the plea judge's statement concerning parole eligibility was consistent with counsel's advice. Petitioner testified he and counsel discussed the 1986 Omnibus Criminal Justice Improvements Act, but did not discuss the impact of his prior conviction on his parole eligibility. He testified he would not have pled guilty but would have gone to trial had he known he was parole ineligible.

Trial counsel testified it was her general practice not to discuss parole with clients. She admitted she and petitioner did discuss parole as it related to his prior conviction, but testified she could not recollect whether she and petitioner discussed parole as it related to the armed robbery charge. Counsel explained, in negotiating petitioner's plea, her primary concern was to minimize the amount of time petitioner would have to serve.

Counsel testified she knew the 1986 Omnibus Criminal Justice Improvements Act was in effect when petitioner pled guilty. She further stated she knew two convictions for a violent crime precluded parole, however she did not recall whether she specifically contemplated the Act's effect on petitioner.

The PCR judge denied relief. In the Order of Dismissal, the PCR judge held petitioner's "testimony concerning his reliance on parole eligibility information is not credible." Because it was counsel's general practice not to advise clients about parole, the court concluded petitioner did not enter his plea in reliance on parole advice by counsel. The court further concluded the trial judge's comment about parole

---

1. A person convicted of armed robbery is eligible for parole after service of seven years. S.C.Code Ann. § 16–11–330(A) (Supp.2001). However, under the 1986 Omnibus Criminal Justice Improvements Act, a person who is convicted of a second or subsequent violent crime as defined in South Carolina Code Ann. § 16–1–60 (Supp.2001) is ineligible for parole. S.C.Code Ann. § 24–21–640 (Supp.2001). Section 16–1–60 defines armed robbery as a violent crime.

"concerned armed robbery by itself" and found "there is nothing in the record to indicate a plea fashioned on reliance on parole eligibility."

## ISSUE

Is there any probative evidence which supports the PCR judge's decision petitioner was not misinformed about his parole eligibility and, therefore, counsel's failure to move for clarification of the trial judge's statement did not render petitioner's plea unknowing and involuntary?

## DISCUSSION

A PCR applicant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Roscoe v. State*, 345 S.C. 16, 546 S.E.2d 417 (2001). The burden of proof is on the applicant to prove his allegations by a preponderance of the evidence. Rule 71.1(e), SCRCP.

### Misadvice Prior to Plea

A guilty plea is not rendered involuntary if the defendant is not informed of the collateral consequences of his sentence. *Brown v. State*, 306 S.C. 381, 412 S.E.2d 399 (1991). Typically, parole eligibility is considered a collateral consequence of a sentence. However, if trial counsel actively misinforms the defendant about parole eligibility, the defendant must prove he relied on the misinformation to receive PCR. *Smith v. State*, 329 S.C. 280, 494 S.E.2d 626 (1997); *Griffin v. Martin*, 278 S.C. 620, 300 S.E.2d 482 (1983).

Probative evidence in the record supports the PCR judge's finding petitioner was not induced to plead guilty based on parole advice prior to the plea. Trial counsel testified it was her general practice not to advise clients as to parole eligibility even though she could not specifically remember what she told petitioner. This evidence supports the PCR

judge's finding petitioner did not enter his plea based on any "misadvice" by trial counsel as counsel did not give any advice. Accordingly, we affirm on this sub-issue. *Anderson v. State,* 342 S.C. 54, 535 S.E.2d 649 (2000) (if there is any probative evidence to support the findings of the PCR judge, those findings must be upheld).[2]

### *"Misadvice" During Plea*

On two occasions, the Court has considered the effect of the plea judge's parole "advice" on the plea. Originally, the Court held a guilty plea is rendered unknowing and involuntary where the plea judge misinforms a defendant he is parole eligible when, in fact, he is parole ineligible. *Brown, supra.*

Thereafter, the Court modified *Brown,* holding that where the plea judge "explain[ed] the minimum criteria for parole eligibility as contained in the applicable statute, the fact that the defendant is not actually eligible for parole does not render his guilty plea involuntary or unknowing." *Hunter v. State,* 316 S.C. 105, 109, 447 S.E.2d 203, 205–06 (1994), *abrogated on other grds. Simpson v. State,* 329 S.C. 43, 495 S.E.2d 429 (1998). The Court concluded:

> We still believe that erroneous parole advice from the bench could, on certain facts, mislead a defendant to his detriment; however, it would be wholly impractical to maintain a rule which requires the automatic reversal of a guilty plea *without something more.*

*Hunter,* 316 S.C. at 109, 447 S.E.2d at 205 (emphasis added).

Petitioner contends he established the "something more" required by *Hunter.* He claims that in addition to the plea

---

**2.** Counsel admitted she and petitioner discussed parole. She explained petitioner had been paroled after serving a portion of a prior sentence and she was in hopes his parole revocation sentence could be served concurrently with his armed robbery sentence. However, counsel testified she did not remember advising petitioner he would be eligible for parole on the armed robbery charge after service of seven years and it was her practice not to advise clients as to parole eligibility. While parole may have been "an issue" in petitioner's decision to plead guilty, as stated by the dissent, there is probative evidence which supports the PCR judge's decision counsel did not advise him he would be eligible for parole after service of seven years. Because the Court is required to affirm the PCR judge's ruling if there is any probative evidence which supports the lower court's decision, the Court must affirm. *Id.*

judge's comment, trial counsel advised him prior to the plea that he would be eligible for parole in seven years.

As noted above, the probative evidence of record supports the PCR judge's finding trial counsel did not advise petitioner about parole eligibility. Accordingly, petitioner failed to establish "something more" than the judge's comment regarding parole at the plea. The probative evidence of record supports the PCR judge's finding petitioner did not rely on the plea judge's comment concerning parole in pleading guilty. Because there is probative evidence which supports the PCR judge's finding, we must affirm on this sub-issue. *Anderson v. State, supra.*

**AFFIRMED.**

TOAL, C.J., MOORE and WALLER, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

JUSTICE PLEICONES:

I respectfully dissent. Trial counsel acknowledged that while she generally did not discuss parole eligibility with her clients, she had discussed it with petitioner. Although she could not recall the exact conversation, her testimony supports petitioner's contention that parole was an issue in his decision to plead guilty. In my opinion, this undisputed fact is the "something more" that, coupled with the trial judge's misadvice concerning parole eligibility at the plea, entitles petitioner to post-conviction relief. *Hunter v. State,* 316 S.C. 105, 447 S.E.2d 203 (1994), *subsequent history omitted.*