615 S.E.2d 740

**Joseph W. PAGE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26000.**

Supreme Court of South Carolina.

Submitted May 18, 2005.

Decided June 13, 2005.

Acting Deputy Chief Attorney Wanda P. Hagler, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Melody J. Brown, of Columbia, for Respondent.

Justice BURNETT:

Joseph W. Page (Petitioner) pled guilty to possession with intent to distribute crack cocaine (PWID), criminal sexual conduct (CSC), and assault and battery with intent to kill (ABIK). Pursuant to a negotiated plea agreement that included a recommended cap of twenty years' imprisonment, Petitioner was sentenced to imprisonment for ten years for PWID and nineteen years for CSC and ABIK to be served concurrently. The post-conviction relief (PCR) judge denied Petitioner's request for relief. We affirm.

## FACTUAL BACKGROUND

Petitioner argues he did not enter a guilty plea knowingly and voluntarily because he was not informed of possible

liability under the South Carolina Sexually Violent Predator Act (SVPA). S.C.Code Ann. §§ 44–48–10 to –170 (Supp.2004). We disagree.

At the PCR hearing, Petitioner testified he would not have pled guilty to CSC and ABIK if he had known about the SVPA. At the PCR proceeding, plea counsel conceded he did not recall informing Petitioner of the SVPA. The trial judge did not discuss the SVPA with Petitioner before accepting his plea.

## ISSUE

Was Petitioner's plea entered knowingly, voluntarily, and intelligently where Petitioner was not informed he would be potentially liable under the Sexually Violent Predator Act after completing his sentence?

## STANDARD OF REVIEW

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove counsel's performance was deficient and the deficient performance prejudiced the applicant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State,* 303 S.C. 539, 402 S.E.2d 484 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. *Harres v. Leeke,* 282 S.C. 131, 318 S.E.2d 360 (1984).

The Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them. *Caprood v. State,* 338 S.C. 103, 525 S.E.2d 514 (2000); *Cherry v. State, supra.* The Court will not uphold the findings when there is no probative evidence to support them. *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996).

■ However, in a case raising a novel issue of law, the appellate court is free to decide the question of law with no particular deference to the trial court. *Osprey v. Cabana Ltd. Partn.*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000); *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 718 (2000). The Court will reverse the PCR judge's decision when it is controlled by an error of law. *Sheppard v. State*, 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004); *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

## LAW/ANALYSIS

■ Petitioner's primary contention is that his counsel failed to inform him his CSC conviction would make him eligible for possible civil commitment under the SVPA as a "sexually violent predator."[1] Petitioner asserts he should have been informed of his potential for civil commitment as a consequence of his plea, and counsel's failure to advise him resulted in a plea that was not knowing and voluntary.

The SVPA, S.C.Code Ann. §§ 44–48–10 to –170 (Supp.2004), is a civil commitment procedure for the long-term care and treatment of sexually violent predators. S.C.Code Ann. § 44–48–20; *see Kansas v. Hendricks*, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (upholding Kansas' Sexually Violent Predator Act, from which South Carolina's law is patterned); *In re Matthews*, 345 S.C. 638, 550 S.E.2d 311 (2001); *State v. Gaster*, 349 S.C. 545, 564 S.E.2d 87 (2002). The SVPA provides that one hundred eighty days before a person convicted of a sexually violent offense is released from confinement, the agency releasing the prisoner gives written notice to a multi-disciplinary team and the Attorney General. S.C.Code Ann. § 44–48–40(A). Within thirty days of receiving notice, the multi-disciplinary team, which is appointed by the Director of the Department of Corrections, assesses whether the person satisfies the definition of a sexually violent predator. If it is determined the person satisfies the definition of a sexually

---

1. S.C.Code Ann. § 44–48–30(1)(a) provides:

   (1) "Sexually violent predator" means a person who:
      (a) has been convicted of a sexually violent offense; and
      (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.

violent predator, the multidisciplinary team must forward a report of the assessment to the prosecutor's review committee. S.C.Code Ann. § 44–48–50. The prosecutor's review committee, which is appointed by the Attorney General, determines whether probable cause exists to believe the person is a sexually violent predator. S.C.Code Ann. § 44–48–60.

If the prosecutor's review committee determines probable cause exists to support the allegation, the Attorney General may file a petition with the court in the jurisdiction in which the person committed the offense to request that the court make a probable cause determination as to whether the person is a sexually violent predator. S.C.Code Ann. § 44–48–70. If the probable cause determination is made, the person is transferred to a secure facility for evaluation. S.C.Code Ann. § 44–48–80(D). Within sixty days of the probable cause hearing, a trial is conducted to determine whether the person is a sexually violent predator. The person or Attorney General may request a jury trial. S.C.Code Ann. § 44–48–90. The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. S.C.Code Ann. § 44–48–100.

We conclude Petitioner's counsel had no duty to inform him about the civil commitment process under the SVPA. Although eligibility for civil commitment under the SVPA is triggered by conviction of a "sexually violent offense," civil commitment can be imposed only after testing, evaluation, a probable cause hearing, and a trial by either the court or jury. No one can be civilly committed as a "sexually violent predator" unless the State proves beyond a reasonable doubt the person suffers from a mental abnormality or personality disorder that makes the person likely to engage in sexual violence if not confined in a secure facility. Consequently, a person may be convicted of a predicate offense, and yet not be committed under the SVPA because the evidence is not sufficient to find that his or her present mental condition creates a likelihood of future sexually violent behavior. Thus, any possible civil commitment of Petitioner would not flow directly from his guilty plea, but rather from a separate civil proceeding as a collateral consequence.

█ "The distinction between 'direct' and 'collateral' consequences of a plea ... turns on whether the result represents a

definite, immediate and largely automatic effect on the range of the defendant's punishment." *Cuthrell v. Director*, 475 F.2d 1364, 1366–67 (4th Cir.1973) (refusing to invalidate a plea where the court had failed to advise the defendant that he might be civilly committed, even though commitment flowing from the crime he committed was, for all intents and purposes, automatic); *Brown v. State*, 306 S.C. 381, 382, 412 S.E.2d 399, 400 (1991) ("The imposition of a sentence may have a number of collateral consequences ... and a plea of guilty is not rendered involuntary in a constitutional sense if the defendant is not informed of the collateral consequences.").

Other courts have concluded trial counsel does not have an obligation to inform a defendant of possible commitment under the SVPA. For example, in *Bussell v. State*, 25 Kan.App.2d 424, 963 P.2d 1250 (1998), the Kansas Court of Appeals concluded trial counsel was not ineffective in failing to advise the defendant about the KSVPA. In that case, the court stated:

It is unclear now and will remain so in the future whether the KSVPA will ever apply to defendant because he has not yet finished his criminal sentence. The uncertainty inherent in predicting whether the KSVPA will ever be invoked against defendant is such that the failure of his counsel to advise him of potential consequences cannot be said to be constitutionally deficient.

*Id.* at 1254; *see also Pearman v. State*, 764 So.2d 739 (Fla. App.2000); *Martin v. Reinstein*, 195 Ariz. 293, 987 P.2d 779 (Ct.App.1999); *State v. Bollig*, 224 Wis.2d 621, 593 N.W.2d 67 (Ct.App.1999); *In re Paschke*, 80 Wash.App. 439, 909 P.2d 1328 (1996).

## CONCLUSION

For the foregoing reasons, we conclude a defendant's possible commitment under the Sexually Violent Predator Act is a collateral consequence of sentencing pursuant to a guilty plea or a conviction. Therefore counsel was under no obligation to inform Petitioner of possible commitment under the SVPA.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.