744 S.E.2d 503

**Michael E. HAMM, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**Appellate Case No. 2012–209727.**

Supreme Court of South Carolina.

May 8, 2013.

---

## ORDER

Michael E. Hamm (Hamm) seeks a writ of habeas corpus and a declaratory judgment with regard to his civil commitment to the South Carolina Department of Mental Health's Sexually Violent Predator Treatment Program (SVPTP) for long term control, care, and treatment pursuant to the South Carolina Sexually Violent Predator Act, S.C.Code Ann. § 44–48–10 *et seq.* (the SVP Act). We deny the petition for a writ of habeas corpus and motions to amend or correct the petition, and decline to issue a declaratory judgment.

Hamm seeks habeas relief on the ground that the plea judge and plea counsel were ineffective for failing to inform Hamm that he was subject to the SVP Act as a direct consequence of pleading guilty. Hamm argues that in light of *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010),[1] his guilty plea was not knowingly, voluntarily, or intelligently entered because defendants must be advised that pleading guilty to certain sex crimes subjects defendants to the SVP Act and its potential implications, such as civil confinement. Hamm also argues that section 16–15–140 is classified as a non-violent offense in the criminal code, but a violent offense for purposes of the SVP Act, and that this

---

1. In *Padilla,* the United States Supreme Court (USSC) determined that as a matter of law, Padilla's plea counsel had an obligation to advise him that the offense to which he was pleading guilty would result in his deportation. *Padilla,* 130 S.Ct. at 1478. Although the Kentucky Supreme Court rejected Padilla's ineffectiveness claim on the ground that the risk of deportation was a collateral matter of which counsel did not

distinction is in violation of double jeopardy, due process, and the separation of powers doctrine.

■ Habeas corpus is available only when other remedies, such as post-conviction relief (PCR), are inadequate or unavailable. *Gibson v. State*, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998); *see also Williams v. Ozmint*, 380 S.C. 473, 477, 671 S.E.2d 600, 602 (2008) (stating "a writ of habeas corpus is reserved for the very gravest of constitutional violations which, in the setting, constitute[ ] a denial of fundamental fairness shocking to the universal sense of justice"); *McWee v. State*, 357 S.C. 403, 406, 593 S.E.2d 456, 457 (2004) (stating habeas relief will only be granted under "unique and compelling circumstances"); *Butler v. State*, 302 S.C. 466, 468, 397 S.E.2d 87, 88 (1990) ("[N]ot every intervening decision, nor every constitutional error at trial will justify issuance of the writ.") (internal quotations and citations omitted).

■ Hamm failed to file a PCR application raising any issue related to *Padilla* within one year of that decision, issued March 31, 2010, as required by section 17–27–45 of the South Carolina Code. S.C.Code Ann. § 17–27–45(B) (2003). Because Hamm failed to exhaust all other remedies, he is

---

have to advise him, the USSC stated "deportation as a consequence of criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or collateral consequence" and the "collateral versus direct distinction is thus ill-suited in evaluating a *Strickland* [*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] claim concerning the specific risk of deportation." *Id.* at 1481–82. The USSC further found that although deportation was not purely punitive, it was (1) of great importance; (2) virtually mandatory; (3) intimately related to the criminal process; and (4) a drastic measure. *Id.* at 1478–82. The USSC determined that "constitutionally competent counsel would have advised him that his conviction ... made him subject to automatic deportation." *Id.* at 1478. Additionally, the USSC held counsel must inform the defendant whether his plea carries a risk of deportation because it is a critical factor the defendant is likely to consider in deciding whether to enter a plea or proceed to trial. *Id.* at 1484–86. Accordingly, the Court held that in order for counsel's representation to be deemed reasonable under *Strickland*, he must advise the defendant about the possibility of deportation. *Id.* at 1486–87. Thus, the USSC ruled counsel was deficient for failing to inform his client when the plea carried the risk of deportation. *Id.* at 1483. Notably, the USSC stated that to be afforded relief a party still needs to demonstrate the prejudice required by *Strickland*. *Id.* at 1483–84.

barred from habeas corpus relief on his *Padilla*-related grounds. *Gibson,* 329 S.C. at 40, 495 S.E.2d at 427–28 (stating a petition for habeas relief must, in addition to other requirements, allege petitioner has exhausted all other remedies in order to be entitled to a hearing).

■ However, were we even to reach Hamm's *Padilla* claim, he is not entitled to relief. Commitment pursuant to the SVP Act does not automatically flow from the conviction, rather a civil proceeding occurs where the defendant is evaluated before confinement is certain;[2] the USSC's rationale under *Padilla* does not extend to a person's civil commitment under the SVP Act;[3] and *Padilla* does not apply retroactively.[4]

■ We further find that classification of S.C.Code Ann. § 16–15–140 as a non-violent offense in the criminal code, but a violent offense for purposes of the SVP Act does not violate double jeopardy, due process, or separation of powers.

---

**2.** *See Page v. State,* 364 S.C. 632, 636–37, 615 S.E.2d 740, 742 (2005) (finding any possible civil commitment pursuant to the SVP Act does not flow directly from a defendant's guilty plea, but rather from a separate civil proceeding in which testing, evaluation, a probable cause hearing, and a trial by either the court or jury occurs).

**3.** In *Chaidez v. U.S.,* —— U.S. ——, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), the USSC re-emphasized the underlying rationale in *Padilla* that deportation is unique and such a detrimental and drastic consequence it should be treated differently than other collateral consequences. *See Chaidez,* 133 S.Ct. at 1110. Thus, *Padilla* does not broadly apply to other potential consequences of a guilty plea, such as civil confinement under the SVP Act.

**4.** In holding *Padilla* does not apply retroactively, the USSC observed that under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), when a new rule of criminal procedure is announced, a person whose conviction is already final may not benefit from the decision in a collateral proceeding. *Chaidez,* 133 S.Ct. at 1107. The USSC noted that "a case does not announce a new rule when it is merely an application of the principle which governed a prior decision to a different set of facts." *Id.* (citations and internal quotations omitted). However, the USSC held *Padilla* did something more than simply apply the test in *Strickland* to the factual situation of deportation advice because answering the preliminary question of whether *Strickland* applied at all required the adoption of a new rule. *Id.* at 1108. Specifically, the USSC noted it found deportation was "unique;" a particularly severe penalty that is intimately related to the criminal

Hamm's arguments are without merit because the General Assembly clearly established its intent in enacting the SVP Act was to establish a civil commitment process to address dangerous sexually violent predators likely to re-offend and provide long term care, control and treatment of offenders determined to fall within that group. *See, e.g. In the Matter of the Care and Treatment of Beaver*, 372 S.C. 272, 277–78, 642 S.E.2d 578, 581 (2007) (holding the lower court erred in finding the lewd act charge was "non-violent" and that defendant should not be confined as a sexually violent predator on the basis of a "non-violent" charge because, while it is true commission of a lewd act on a minor is considered a non-violent offense for criminal purposes, the General Assembly deemed it appropriate to consider the charge violent for purposes of the SVP Act and civil commitment and probable cause hearings under the act).

JEAN H. TOAL C.J., COSTA M. PLEICONES, DONALD W. BEATTY, JOHN W. KITTREDGE, and KAYE G. HEARN, JJ.

---

process; and an automatic result of some convictions. *Id.* at 1110. As such, the USSC held *Padilla* announced a new rule; therefore, the Court concluded it does not apply retroactively. *Id.* at 1110–11.