**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Lloyd Wright, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001380

―――――――

## ON WRIT OF CERTIORARI

―――――――

Appeal from Charleston County
R. Markley Dennis, Jr., Post-Conviction Relief Judge

―――――――

Memorandum Opinion No. 2017-MO-001
Submitted November 15, 2016 – Filed January 5, 2017

―――――――

## REVERSED AND REMANDED

―――――――

Appellate Defender John H. Strom, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Ruston W. Neely, both of Columbia, for Respondent.

―――――――

**PER CURIAM:** We granted a writ of certiorari to review the denial of Petitioner Lloyd Wright's application for post-conviction relief (PCR). After careful review of the appendix, briefs, and applicable law, we find no evidence of probative value to support the PCR court's finding that when Petitioner rejected the State's plea offer, he was aware that a conviction would result in a mandatory sentence of life without parole. *See, e.g.*, *Suber v. State*, 371 S.C. 554, 560, 640 S.E.2d 884, 887 (2007) (reversing the PCR court's decision because there was no evidence of probative value to support it); *see also Libretti v. United States*, 516 U.S. 29, 50 (1995) ("[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement . . . ."); *Roscoe v. State*, 345 S.C. 16, 20 n.6, 546 S.E.2d 417, 419 n.6 (2001) ("[W]e have consistently held a defendant must have a full understanding of the consequences of his plea and of the charges against him . . . ." (citations omitted)). Accordingly, pursuant to Rule 220(b), SCACR, and the above-mentioned authorities, we reverse the denial of PCR and remand.


**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW, JJ., and Acting Justice Costa M. Pleicones, concur.**