613 S.E.2d 538

**In the Matter of Hattie E. BOYCE, Respondent.**

**No. 25985.**

Supreme Court of South Carolina.

Submitted April 26, 2005.

Decided May 23, 2005.

---

the Code applies to actions accruing on or after April 5, 1988. 1988 Act No. 432.

354

Henry B. Richardson, Jr., Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Hattie E. Boyce, of Spartanburg, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

On or about July 9, 2004, respondent was the closing attorney in a real estate transaction. Respondent represented

Borrower. Borrower and his wife had obtained approval for an equity credit line loan from Wells Fargo; the loan was to be secured by Borrower's residence. Borrower had contacted respondent and requested she assist in a "witness only" closing of the line of credit from Wells Fargo.

Respondent did not prepare a deed, mortgage, note, or other legal instrument related to the closing of the real estate transaction; she did not ensure that another attorney did so. Neither respondent nor someone under her supervision conducted a title examination or prepared abstracts; respondent did not ensure another attorney or someone under another attorney's supervision did so. Neither respondent nor someone under her supervision recorded documents at the Register of Deeds; respondent did not ensure that another attorney or someone under another attorney's supervision did so.

Respondent signed the HUD–1 statement certifying thereon that she had prepared the statement, that it was a true and accurate account of the transaction, and that she had or would cause funds or be disbursed in accordance with the statement. Despite signing the HUD–1 statement that she had or would disburse the funds, respondent acknowledges she did not do so.

Despite certifying on the HUD–1 statement that her fee was $100.00 and that the HUD–1 statement was a true and accurate account of the transaction, respondent sought to collect $150.00. The $150.00 fee had been set by respondent's secretary.

Borrower told respondent that the attorney's fee was to be paid by Wells Fargo. When Wells Fargo did not pay the $150.00 fee, respondent faxed a letter to Borrower and to Borrower's employer at their place of business. The letter threatened to sue both Borrower individually and the employer's business and to send a copy of the lawsuit to both the Attorney General and the Better Business Bureau so as to gain an advantage in the collection of her civil debt. Respondent's letter threatened treble damages even though she would not be entitled to treble damages under South Carolina law.

Neither Borrower's employer nor the employer's business were a party to the loan. Neither Borrower's employer nor

his business were clients of respondent. Despite this fact, respondent revealed information relating to her representation of Borrower to his employer without Borrower's consent.

Respondent states she was under the mistaken impression that Borrower's place of employment was a party to the loan. Respondent's fee of $150.00 was ultimately paid by Wells Fargo Bank.

Respondent represents her practice is primarily devoted to family law. She submits this is the only real estate closing she has conducted in her thirteen years of practice and that she was unaware of the requirements imposed upon attorneys in the closing of real estate transactions. Respondent further submits she did not fully understand the concept of treble damages.

After discussing this matter and previous Court decisions with ODC, respondent now recognizes that participating in "witness only" closings when no other South Carolina licensed attorney is involved has the effect of assisting in the unauthorized practice of law and constitutes a failure to carry out the responsibilities of a closing attorney as provided by previous directives of this Court. She further recognizes she did not provide her client with competent representation. Respondent agrees that her actions constitute misconduct under the Rules of Professional Conduct, Rule 407, SCACR.

Respondent now recognizes that by signing the HUD–1 settlement statement, she represented that a licensed attorney had disbursed the funds and completed the other steps required of a closing attorney by published directives of the Court when in fact she did not do so. Respondent acknowledges this was misconduct. Respondent further recognizes that the threat of criminal prosecution and collection of civil damages not available under the circumstances constitutes misconduct.

Respondent states her misconduct was unintentional. She represents that, in the future, she will make every effort not to handle matters without first making herself familiar with the applicable guidelines and law.

Respondent has no prior disciplinary history and submits that her conduct in this matter was uncharacteristic. ODC

asserts respondent has been very cooperative and forthright during the course of its investigation.

## *LAW*

■ Respondent admits that by her misconduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.6 (lawyer shall not reveal information relating to representation of a client unless client consents after consultation); Rule 4.5 (lawyer shall not threaten to present criminal charges solely to obtain an advantage in a civil matter); Rule 5.5(b) (lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent acknowledges her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the legal profession into disrepute).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.