636 S.E.2d 866

**DOE LAW FIRM, Petitioner,**

v.

**Henry B. RICHARDSON, Jr., Disciplinary Counsel, and Henry Dargan McMaster, Attorney General, Respondents.**

**No. 26214.**

Supreme Court of South Carolina.

Heard Oct. 5, 2006.
Decided Oct. 23, 2006.

Desa Ballard and Jason B. Buffkin, both of West Columbia, for Petitioner.

Michael James Virzi, of Columbia, for Respondent Disciplinary Counsel.

Assistant Deputy Attorney General J. Emory Smith, Jr., of Columbia, for Respondent Attorney General.

John S. Nichols, of Bluestein & Nichols, L.L.C., of Columbia, for Amicus Curiae South Carolina Bar.

Sue Berkowitz and Robert Thuss, both of Columbia, for Amicus Curiae South Carolina Appleseed Legal Justice Center.

James C. Harrison, Jr., and Andrew S. Radeker, both of Columbia, for Amicus Curiae South Carolina Financial Services Association, Inc.

Scott E. Lawrence and Brook B. Shuler, both of Lawrence Law Firm, and Michael Stephen Chambers, all of Greenville, and Matthew Allen Lewis, of Attorneys' Title Insurance Fund, of Columbia, for Amicus Curiae Attorneys' Title Insurance Fund, Inc.

PER CURIAM:

We agreed to hear this matter in our original jurisdiction to decide whether the disbursement of loan proceeds in conjunction with a residential refinancing or credit line transaction is the practice of law.[1] We hold that disbursement is an integral step in the closing of a residential refinancing or credit line transaction which must be conducted under the supervision of an attorney. Since our decision today is a new rule, and since it is likely that lenders and attorneys may have established procedures which do not account for this step in the closing process, we delay the effective date of this opinion until January 22, 2007.

## FACTS

The case is before us on the following stipulation of facts:

- Doe Law Firm is a South Carolina law firm employing attorneys licensed to practice here

---

[1]. *See In re Unauthorized Practice of Law Rules,* 309 S.C. 304, 422 S.E.2d 123 (1992) (Court will determine unauthorized practice of law questions in its original jurisdiction).

- Lender is an out of state business which makes residential home loans to South Carolina consumers
- Lender retains Doe to serve as its closing attorney for certain in-state refinancing and credit line transactions
- Doe represents both Lender and the borrower in connection with the transactions, after making proper disclosure to both regarding dual representation
- Doe supervises the title search and certifies title in accordance with South Carolina law
- A title company affiliated with Doe issues title commitments and policies to Lender
- Lender prepares the loan documents, including the appropriate HUD Statement, and forwards them to Doe. The documents include determining any existing mortgage payoffs and calculating *pro rata* expenses, including real property taxes
- The HUD Statements conform to federal requirements
- Doe is shown as the "settlement agent" on the HUD Statement and its address is shown as the "place of settlement"
- Doe reviews all closing documents before closing in a manner that satisfies South Carolina's legal requirements
- A lawyer from the Doe firm attends the closing, explains the loan documents to the borrower and supervises the execution of the documents, including the HUD Statements, as required by state law
- If the closing takes place other than at the Doe firm's office, the HUD Statement is amended to include that address as well as the firm's address
- Neither the Doe firm nor any individual lawyer signs the HUD form (and such signatures are not required by federal law)
- Doe records the mortgage and any other documents
- Doe returns the loan and closing documents to Lender with instructions to make disbursements as set forth in the HUD Statement
- Disbursements are made by Lender; Doe receives only its attorneys' fees and costs as provided in the HUD State-

ment. Doe does not have signatory authority over any of Lender's accounts, nor does it review or reconcile these accounts or retain any records of Lender's disbursements

## ISSUE

Whether the disbursement of residential loan proceeds is the practice of law?

## ANALYSIS

Both Doe and respondents acknowledge it is an open question in South Carolina whether the disbursement of residential loan proceeds is the practice of law. In *Doe v. McMaster*, 355 S.C. 306, 585 S.E.2d 773 (2003) (*McMaster*), we refined the definition of the unauthorized practice of law in the context of residential real estate closings first set forth in *State v. Buyers Serv. Co., Inc.*, 292 S.C. 426, 357 S.E.2d 15 (1987) (*Buyers Service*). In *McMaster* and *Buyers Service* the Court identified four steps in a residential real estate closing that involve the practice of law:

1) *Title Search*

The title search and preparation of title documents for the lender and subsequent preparation of related documents is the practice of law which must be performed or supervised by an attorney.

2) *Loan Documents*

A lender may prepare legal documents for use in financing or refinancing a real property loan so long as an independent attorney reviews them and makes any corrections necessary "to ensure their compliance with law."

3) *Closing*

Real estate closings and mortgage loan closings should be conducted only under an attorney's supervision. The supervising attorney may represent both the lender and the borrower after full disclosure and with each party's consent.

4) *Recordation of Documents*

The recording of documents is the "final phase" of the real estate loan process and must be done under the supervision of an attorney.

18

In both *McMaster* and *Buyers Service* the funds were disbursed directly by the lender pursuant to the HUD Settlement Statement, yet the Court did not define this step as one involving the practice of law. As the parties candidly acknowledge, however, the disbursement process was not at issue in either case. Similarly, several attorney disciplinary cases have implied, but not decided, that disbursement is the practice of law when performed in connection with a residential real estate loan closing. *See In re Boulware*, 366 S.C. 561, 623 S.E.2d 652 (2005); *In re Fortson*, 361 S.C. 561, 606 S.E.2d 461 (2004); *In re McMillian*, 359 S.C. 52, 596 S.E.2d 494 (2004); *In re Arsi*, 357 S.C. 8, 591 S.E.2d 627 (2004); *In re Pstrak*, 357 S.C. 1, 591 S.E.2d 623 (2004); *see also In re Boyce*, 364 S.C. 353, 613 S.E.2d 538 (2005).

Viewed in isolation, it cannot be said that the disbursement of loan proceeds in and of itself "entail[s] specialized legal knowledge and ability," such that it constitutes the practice of law. *Buyers Service*, 292 S.C. at 430, 357 S.E.2d at 17. In our view, however, the disbursement of funds in the context of a residential real estate loan closing cannot and should not be separated from the process as a whole. Accordingly, we hold that the disbursement of the funds must be supervised by an attorney. We do not specify the form that supervision must take, nor do we require that the funds pass through the supervising attorney's trust account. Rather, we hold that the attorney's obligation to both his clients if he represents the buyer and the lender, and to his individual client if he represents only one party, includes overseeing this step of the closing process. As explained above, we delay the effective date of this opinion until January 22, 2007 in order to afford persons with ongoing business relationships the opportunity to adjust their practices and procedures to conform to this new rule.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.