654 S.E.2d 522

**In the Matter of John A. PINCELLI, Respondent.**

**No. 26400.**

Supreme Court of South Carolina.

Submitted Oct. 30, 2007.

Decided Dec. 10, 2007.

Lesley M. Coggiola, Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### FACTS

In the spring of 2003, respondent created an entity known as "Sandlapper Legal Services, LLC" (Sandlapper) which operated out of respondent's law firm offices under his supervision and direction. While Sandlapper was described as a "closing coordination company," respondent agrees that, due to the services it provided, Sandlapper was, in fact, a law firm.

From 2003 through 2005, Sandlapper coordinated closings of approximately 3,000 home equity refinancing loans.[1]  Sandlapper had approximately fifty (50) South Carolina-licensed attorneys at various locations throughout the state to attend closings and serve as closing attorneys as contemplated by the directives set out in *State v. Buyers Service Co., Inc.*, 292 S.C. 426, 357 S.E.2d 15 (1987), and *Doe v. Condon* 351 S.C. 158, 568 S.E.2d 356 (2002).[2]  Respondent represents that the closing attorneys complied with the first three closing steps set forth in *Doe v. Condon, id.*, however, Sandlapper's and the closing attorneys' involvement in the closings ended after the documents were executed and turned over to the lender.  Instead, Sandlapper and its closings attorneys gave lenders written instructions explaining how the lender should record the mortgage and any other closings documents.

In March 2004, respondent contacted Robert Wilcox, Esquire, and sought his advice as to Sandlapper's procedures. Mr. Wilcox provided respondent with a written opinion which advised, in part, "lawyer's involvement or active supervision is required also at earlier stages of the title search and the preparation of loan documents and at the later stages of recordation and disbursement."  Thereafter, respondent reformed Sandlapper's closing practices to address Mr. Wilcox's recommendations, except that respondent continued to allow lenders to record their own mortgages through reliance on the written instructions provided by Sandlapper.  In summary, no attorney supervised the recordation of the mortgages or other legal documents.[3]

---

1.  No purchase money mortgages transactions were closed by or under the supervision of Sandlapper.

2.  In 2003, the Court withdrew *Doe v. Condon, id.*, and filed the substitute opinion of *Doe v. McMaster*, 355 S.C. 306, 585 S.E.2d 773 (2003).

3.  Further, the lenders made their own disbursements at the closings without any supervision from an attorney in violation of *Doe Law Firm v. Richardson*, 371 S.C. 14, 636 S.E.2d 866 (2006).  In *Doe Law Firm*, the Court held that "the disbursement of funds in the context of residential real estate loan closings cannot and should not be separated from the [closing] process as a whole" and, therefore, concluded a lawyer should oversee this step in the closing process.  *Id.* 371 S.C. at 18, 636 S.E.2d at 868.  The Court delayed the effective date of the

In mitigation, ODC is unaware of any damages to clients or lenders as a result of respondent's misconduct. Further, ODC recognizes that lenders were most at risk from respondent's misconduct yet, according to respondent, lenders preferred to record their own mortgages without attorney involvement. However, respondent acknowledges that lenders cannot authorize variances to Court directives and that errors made in recordation by non-attorney supervised lenders might injure subsequent assignees of the mortgages.

Respondent warrants that he will make every effort toward complying with each and every requirement for the closing of real estate transactions as promulgated by the Court. Respondent has fully cooperated with ODC in seeking to expeditiously conclude this matter.

## *LAW*

■ Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 5.5 (lawyer shall not assist non-lawyer in unauthorized practice of law); and Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate a valid order of the Supreme Court); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Disci-

---

decision until January 22, 2007, to provide time for businesses to adjust their practices to conform to the new rule.

pline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.