Chief Justice PLEICONES.
I respectfully dissent. Through an error on the part of a title insurance company, the Office of Disciplinary Counsel became aware of a single closing wherein Respondent failed to explain the nature of a “net funding transaction” — to clients who admittedly sought and obtained a home mortgage refinance from their mortgage company, and who suffered no prejudice. In my opinion, these facts do not warrant a public reprimand. Moreover, nothing in this single instance justifies the modification of our holding in Richardson[13] — declining to “specify the form [that attorney supervision of loan disburse *484 ments] must take____” — in favor of adopting a non-delegable duty to oversee loan disbursements through “detailed verification” or through the receipt of “sufficient documentation or information” in addition to the disbursement log itself. The majority neither explains what this means nor how more oversight could have prevented the title company from issuing checks drawn on the wrong account.
For the reasons given above, I respectfully dissent and would not impose a sanction for Respondent’s conduct in this matter.[14]
HEARN, J., concurs.

. Doe Law Firm v. Richardson, 371 S.C. 14, 636 S.E.2d 866 (2006).

. The majority misunderstands the thrust of my objections to its decision. Respondent’s misconduct arose from a single real estate transaction in which the clients, who did not file a complaint, suffered no prejudice. The majority’s sanction is justified in part by statements such as "Respondent "rented” his name and status” and that he acted "simply [as] a rubber stamp,” and in part by discounting Respondent’s testimony regarding his usual practices apparently because the conversation at the Francis closing is not supported by “factual records.” Compare, e.g., Frasier v. State, 351 S.C. 385, 570 S.E.2d 172 (2002) (testimony of counsel’s usual practice sufficient to find it was done in this case). Further, the majority imposes new, vague requirements on residential real estate closings despite the fact that the current practice is not implicated by the facts of the Francis closing.